**DOUGHERTY, Exr, Appellant,**

v.

**FECSIK, Appellee.**

[Cite as *Dougherty v. Fecsik* (1996), 116 Ohio App.3d 456.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70542.

Decided Dec. 16, 1996.

*Michael Shafran & Associates* and *Michael Shafran,* for appellant.

*Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., John A. Simon* and *Susan M. Reinker,* for appellee.

---

JAMES D. SWEENEY, Presiding Judge.

Plaintiff-appellant Frank Dougherty, executor of the estate of Susan C. Dougherty, appeals the trial court's ruling granting the motion for summary judgment of defendant-appellee Alfonz I. Fecsik, M.D. The complaint sets forth a cause of action for both medical negligence and for the wrongful death of Mrs. Dougherty.

The appellee provided gynecological services to Susan Dougherty beginning in 1978. The pap smears taken at Mrs. Dougherty's appointments in 1987, 1988, and 1990 were misread as negative, and, consequently, her cervical cancer was undiagnosed until 1990. In April 1990, Mrs. Dougherty sought help from the appellee because she was experiencing some bleeding. The appellee performed several cryosurgeries between April and September 1990. In September, the appellee ordered a biopsy, and the cancer was finally diagnosed. In December 1990, a hysterectomy was performed, and lymph node samples were taken. Mrs. Dougherty was initially diagnosed with Stage Ib cancer, but the grading was changed to Stage III as a result of the lymph node pathology.

The appellant's expert, Dr. William Sweeney III, testified in his deposition that Mrs. Dougherty had a slow-growing tumor from 1987 to 1990 and that the cryosurgery increased the growth of the tumor. In his opinion, Mrs. Dougherty was "operable" in 1987 and 1988. Dr. Sweeney testified that the appellee failed to recognize Mrs. Dougherty's advanced condition in April 1990, and failed to perform a biopsy and colposcope.

The appellant sets forth one assignment of error:

"It was error for the trial court to grant summary judgment based on the statute of limitations pursuant to Ohio Civil Rule of Procedure 56 based on Ohio Revised Code 2305.11 and 2125.04 and Rule 41(A)(1)."

The appellant argues that the trial court erred when it granted summary judgment based upon the statute of limitations. The appellee argues that the trial court properly granted the motion based upon the absence of proof of medical negligence and on the failure of the appellant to refile the wrongful death case within the statute of limitations. The appellant filed supplemental authority on the issue of medical malpractice.

The parties do not dispute that the appellant's original complaint was filed on September 11, 1991. Mrs. Dougherty passed away on July 16, 1992, and the amended complaint adding a cause of action for wrongful death was filed on August 17, 1992. The appellant filed a voluntary dismissal on March 4, 1994, and refiled this suit on March 6, 1995.[1]

Wrongful death is not a derivative action, but rather is an independent cause of action. *Thompson v. Wing* (1994), 70 Ohio St.3d 176, 637 N.E.2d 917. Such an action is a new cause of action, distinct and apart from the right of action which the injured person may have had. The statute creates a right for those who suffer pecuniary loss by virtue of the decedent's wrongful death. *Prem v.*

---

1. March 4, 1995 fell on Saturday.

*Cox* (1983), 2 Ohio St.3d 149, 2 OBR 694, 443 N.E.2d 511. An action for wrongful death does not arise until the death of the injured person. *Thompson, supra.*

A statute of limitations bars a right of action unless it is filed within a specified period of time after an injury occurs. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 574 N.E.2d 457. The legislature has determined that the statute of limitations on an action for wrongful death is two years. R.C. 2125.02(D).

Since Mrs. Dougherty died on July 16, 1992, the statute of limitations on an action for her wrongful death would run on July 16, 1994. It is clear that the original action for wrongful death was timely filed. However, the appellant dismissed the original action and refiled a year after the dismissal. The issue before this court is whether or not the appellant timely refiled the action for wrongful death.

The saving statute for a wrongful death action, R.C. 2125.04, states:

"In every action for wrongful death commenced or attempted to be commenced within the time specified by section 2125.02 of the Revised Code, if a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, and the time limited by such section for the commencement of such action has expired at the date of such reversal or failure, the plaintiff or, if he dies and the cause of action survives, his representative may commence a new action within one year after such date."

A careful reading shows that this statute has no application unless the statute has run prior to the voluntary dismissal. *Day v. Brandt Med. Assoc., Inc.* (June 3, 1992), Montgomery App. No. 13127, unreported, 1992 WL 120638; *Grubb v. Hollingsworth* (Oct. 5, 1992), Preble App. No. CA91–12–024, unreported, 1992 WL 276547. Thus, where the statute of limitations has not expired at the time the case is voluntarily dismissed, a litigant has two years from the date of the death of the injured person in which to refile the case.

In the case *sub judice,* Mrs. Dougherty passed away on July 16, 1992, and the expiration of the statute of limitations for the wrongful death action was July 16, 1994. Prior to the expiration of the statute of limitations, the wrongful death action was voluntarily dismissed. The appellant was not entitled to invoke the saving statute. Since the appellant failed to refile the wrongful death action prior to July 16, 1994, the trial court properly found that the statute of limitations had expired.

The appellee argues that the appellant has failed to provide sufficient evidence to establish a medical negligence claim and that the court properly granted the motion for summary judgment. Specifically, the appellee contends that the appellant failed to present expert testimony demonstrating the required causal

connection between the appellee's alleged departures from the standard of care and the death of Mrs. Dougherty.

The Supreme Court recently determined that an action for the loss of a chance of survival may be maintained. In *Roberts v. Ohio Permanente Med. Group, Inc.* (1996), 76 Ohio St.3d 483, 668 N.E.2d 480, the court held at paragraph one of the syllabus;

"In order to maintain an action for the loss of a less-than-even chance of recovery or survival, the plaintiff must present expert medical testimony showing that the health care provider's negligent act or omission increased the risk of harm to the plaintiff. It then becomes a jury question as to whether the defendant's negligence was a cause of the plaintiff's injury or death. (*Cooper v. Sisters of Charity of Cincinnati, Inc.* [1971], 27 Ohio St.2d 242, 56 O.O.2d 146, 272 N.E.2d 97, overruled.)"

 The deposition testimony of Dr. William Sweeney III was sufficient to show that the appellee's conduct increased the risk of harm to Mrs. Dougherty.

The trial court properly granted the motion for summary judgment on the wrongful death cause of action. Based upon the new doctrine of the Supreme Court as set forth in *Roberts, supra,* the appellant has presented sufficient evidence to place before a jury the question of medical malpractice.

The appellant's assignment of error is overruled in part and sustained in part. This case is remanded for trial on the issue of medical malpractice.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

BLACKMON and KARPINSKI, JJ., concur.