Plaintiff-appellant, Sherry I. Boron, Administrator of the Estate of Tammy M. Boron and Administrator of the Estate of Christina M. Martin, appeals the decision and entry of the Franklin County Court of Common Pleas holding that appellant's wrongful death claims against defendants-appellees, Brooks Beverage Management, Inc. and Jack A. Williams, were barred by the applicable statute of limitations. Appellant contends that the trial court erred in failing to apply the applicable savings statutes, R.C. 2125.04 and 2305.19 to her claims and, in the alternative, that failure to apply such statutes deprives her of her rights to equal protection and due process under the United States and Ohio Constitutions. Because we find that the clear and unambiguous language of the savings statutes preclude their application to appellant's claims and that neither statute violates appellant's equal protection and due process rights, we affirm.
On August 10, 1995, appellant's decedents, Tammy Boron and Christina Martin, were killed when the vehicle in which they were passengers collided with a truck driven by appellee Williams and owned by Williams's employer, appellee Brooks Beverage Management, Inc. Appellant originally brought suits alleging wrongful death claims against the appellees on February 5, 1996, in Monroe County Court of Common Pleas. On February 4, 1997, appellant voluntarily dismissed these actions without prejudice pursuant to Civ.R. 41(A). On December 22, 1997, appellant refiled her wrongful death claims (and other claims not relevant to this appeal) against appellees in the Franklin County Court of Common Pleas.
The appellees answered and, on March 26, 1998, filed a motion for judgment on the pleadings arguing that all of appellant's claims were barred by the applicable statute of limitations. The trial court agreed and on November 25, 1998, granted appellees' motion. It is from this judgment entry that the appellant appeals raising the following single assignment of error:
 THE TRIAL COURT ERRED IN SUSTAINING THE DEFENDANTS,' BROOKS BEVERAGE MANAGEMENT AND JACK WILLIAM [SIC], MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST PLAINTIFFS.
Pursuant to Civ.R. 12(C), any party, after the pleadings are closed, may move for judgment on the pleadings. A motion for judgment on the pleadings, like a motion to dismiss pursuant to Civ.R. 12(B), may be based on the bar of the statute of limitations and should be granted if the complaint conclusively demonstrates on its face that the action is barred by the statute of limitations. Velotta v. Leo Petronzio Landscaping,Inc. (1982), 69 Ohio St.2d 376, paragraph three of the syllabus.
As alleged in her complaint, the appellant's decedents were killed on August 10, 1995. Thus, pursuant to the statute of limitations for wrongful death actions found in R.C.2125.02(D), appellant was required to bring her claims within two years of the decedents' deaths i. e., on or before August 10, 1997. However, appellant did not file her Franklin County complaint until December 22, 1997, more than four months after the running of the statute of limitations.
While conceding that her wrongful death action brought in Franklin County was untimely under the statute of limitations, appellant contends that pursuant to Ohio's general savings statute (R.C. 2305.19), and Ohio's wrongful death savings statute (R.C. 2125.04), she had an additional one year to bring her wrongful death claims after she voluntarily dismissed her original Monroe County complaint. According to appellant, the applicable savings statutes should be interpreted to apply to every voluntary dismissal of a complaint originally brought within the applicable statute of limitations. Alternatively, appellant contends that failure to apply the savings statute to this case violates her constitutional rights of equal protection and due process.
As in any case of statutory construction, the paramount goal is to ascertain and give effect to the legislature's intent in enacting the statute. Brooks v. Ohio State Univ. (1996),111 Ohio App.3d 342, 349 (citing Featzka v. Millcraft Paper [1980],62 Ohio St.2d 245). In so doing, however, the court must first look to the plain language of the statute itself to determine the legislative intent. State ex rel. Burrows v. Indus. Comm.
(1997), 78 Ohio St.3d 78, 81; In re Collier (1993), 85 Ohio App.3d 232,237 ("Under Ohio law, it is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent.") Thus, if the language used in a statute is clear and unambiguous, the statute must be applied as written and no further interpretation is necessary.State ex rel. Burrows, supra. Here, both savings statutes at issue are clear and unambiguous on their face, and neither statute applies to appellant's wrongful death claims.
R.C. 2305.19, Ohio's general savings statute, provides:
 In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. * * *
Similarly, R.C. 2125.04, Ohio's wrongful death savings statute, provides:
 In every action for wrongful death commenced or attempted to be commenced within the time specified by division (D)(1) or (2)(c), (d), (e), or (f), of section 2125.02 of the Revised Code [statute of limitations], if a judgment for the plaintiff is reversed or the plaintiff fails otherwise than upon the merits and if the time limited by any of those divisions for the commencement of the action has expired at the date of the reversal or failure, the plaintiff or, if the plaintiff dies and the cause of action survives, the personal representative of the plaintiff may commence a new action for wrongful death within one year after that date * * *.
Under the clear and unambiguous language of both savings statutes, a plaintiff must satisfy three specific requirements before the one-year refiling period is triggered: (1) plaintiff must have commenced or attempted to have commenced the original action within the statute of limitations period; (2) a judgment for the plaintiff is reversed or the action is dismissed otherwise than on the merits; and (3) at the time of the reversal or dismissal otherwise on the merits, the statute of limitations period has already run. See Lewis v. Connor (1985),21 Ohio St.3d 1, 4 ("[I]t is clear that R.C. 2309.19 has no application unless an action is timely commenced and is then dismissed without prejudice after the applicable statute of limitations has run."); Reese v. Ohio State Univ. Hosp. (1983),6 Ohio St.3d 162, 163 ("R.C. 2305.19 can have no application unless an action was timely commenced, was dismissed without prejudice, and the applicable statute of limitations had expired by the time of such dismissal."); Dougherty v. Fecsik
(1996), 116 Ohio App.3d 456, 459 ("A careful reading shows that this statute [R.C. 2125.04] has no application unless the statute [of limitations] has run prior to the voluntary dismissal.")
Here, the two-year statute of limitations on appellant's wrongful death claims did not expire until August 10, 1997. Appellant voluntarily dismissed her original wrongful death claims against the appellees almost eight months earlier on December 24, 1996. As such, because the statute of limitations had not expired at the time of the dismissal, the savings statutes do not apply. Rather, "where the statute of limitations has not expired at the time the case is voluntarily dismissed, a litigant has two years from the date of the death of the injured person in which to refile the case."Dougherty, supra, at 459. In this case, appellant had through August 10, 1997, to refile her complaint.
Appellant contends, however, that the requirement in both savings statutes that the original action be dismissed after the statute of limitations has already run is unconstitutional. In particular, appellant contends that distinguishing between litigants based upon when their case is dismissed violates principles of equal protection and due process as protected by the United States and Ohio Constitutions.
As recently noted by the Ohio Supreme Court, an equal protection and due process challenge like that at issue here is essentially governed by the same legal question — does the statute in question have a rational basis?
 * * * The standard for determining violations of equal protection is essentially the same under state and federal law. Where neither a fundamental right nor a suspect class is involved, a legislative classification passes muster if the state can show a rational basis for the unequal treatment of different groups. * * * [I]n the absence of a suspect class of fundamental right, legislative distinctions are invalid only if they bear nor relation to the state's goals and no ground can be conceived to justify them. * * *
* * *
 * * * Under the Ohio Constitution, an enactment comports with due process "if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and if it is not unreasonable or arbitrary." Federal due process is satisfied if there is a rational relationship between a statute and its purpose. * * * [Fabrey v. McDonald Police Dept. (1994), 70 Ohio St.3d 351, 353-354 (internal quotes and citations omitted).]
Here, appellant concedes that the savings statutes do not involve a fundamental right or a suspect class. Thus, appellant's equal protection and due process arguments must be rejected if any rational, nonarbitrary and noncapricious reason can support the savings statutes requirement that the limitations period be expired when the original complaint is dismissed.
Appellant submits that there is no rational basis to treat litigants differently simply because of the particular date that their original complaint was dismissed. In so arguing, appellant highlights the apparent unfairness between a litigant who takes a voluntary dismissal one day before the original statute of limitations runs and a litigant who takes a voluntary dismissal one day after. The former only has one day to refile; the latter has an additional one year. According to appellant, there is no rational reason for such a result and the offending requirement must be judicially excised from the statute. According to appellant, the same refiling period (one year) should apply to every litigant whose original and timely complaint is dismissed otherwise than upon the merits.
We disagree, finding that there is a rational basis underlying the savings statutes' requirement that the original dismissal occur after the limitations period had expired. "Rational-basis scrutiny is intended to be a paradigm of judicial restraint, and where there are plausible reasons for the General Assembly's action, a court's inquiry must end."Am. Assn. of Univ. Professors, Cent. State Univ. Chapter v.Cent. State Univ. (1998), 83 Ohio St.3d 229, 239 (Cook, J., dissenting) (majority decision summarily reversed by the United States Supreme Court, [1999], 119 S.Ct. 1162). Here, the distinction made by the applicable saving statutes is neither arbitrary nor capricious in that it merely distinguishes between those who actually need saving and those who do not. Moreover, the statutes encourage litigants to refile within the original statute of limitations if they can. As our colleagues in the Second District Court of Appeals recently stated:
 * * * A plaintiff whose claim fails otherwise than upon the merits when there is still time to file suit under the original period of time allowed by the applicable statute of limitations does not need a savings statute, because that plaintiff can still file a timely lawsuit. A plaintiff whose claim fails otherwise than upon the merits after the original time within which to file suit has already expired is in need of an extension of time. That distinction is sufficient to take the requirement out of the arbitrary and capricious category. [Day v. Brant Medical Associates, Inc.
(June 3, 1992), Montgomery App. No. 13127, unreported (holding that R.C. 2125.04 does not violate plaintiff's equal protection rights under the United States Constitution).]
Based upon this rationale, we find that the challenged provisions of R.C. 2125.04 and 2305.19 are neither arbitrary nor capricious and, as such, do not violate appellant's constitutional rights of equal protection or due process.
For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE, J., concurs.
TYACK, J., concurs separately.