OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, Evans Property, Inc., appeals from a judgment entry of the Geauga County Court of Common Pleas granting the motion to dismiss of appellee, Carla Altiere. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On October 2, 2002, appellant filed a complaint in the Geauga County Court of Common Pleas. The complaint named appellee as a defendant in her capacity as the executrix of the estate of Marilynn Geiger ("Ms. Geiger"), deceased. Specifically, the complaint stated three separate claims for relief: (1) breach of contract; (2) unjust enrichment; and (3) promissory estoppel.
 {¶ 3} Appellant's claims originated from the following facts which were disclosed within the complaint. In July 2000, appellant and Ms. Geiger entered into an oral agreement for the purchase of real estate located at 7170 Chagrin Road, Geauga County, Ohio. Pursuant to the oral agreement, appellant agreed to pay Ms. Geiger $2,000 per month toward the purchase of the real estate. The parties further agreed to affix a permanent purchase price in the future.
 {¶ 4} Appellant made eight monthly payments, totaling $16,000, from July 27, 2000 to March 28, 2001. On or about April 16, 2001, Ms Geiger passed away prior to the conclusion of appellant's purchase of the real estate. Appellant subsequently purchased the real estate, but was not reimbursed $16,000 for its previous monthly payments.
 {¶ 5} On April 9, 2002, appellant presented its claim for reimbursement against Ms. Geiger's estate via certified mail. Acting as executrix of the estate, appellee replied by certified mail on April 19, 2002, rejecting appellant's claim for reimbursement. As a result, appellant filed its complaint on October 2, 2002.
 {¶ 6} In response to appellant's complaint, appellee filed a timely motion to dismiss, pursuant to Civ.R. 12(B)(6). The motion to dismiss maintained that appellant's complaint was filed beyond the sixty-day statute of limitations found in R.C. 2117.12. Thus, appellee's motion concluded that appellant was barred from commencing action on its claims.
 {¶ 7} Appellant countered by filing a brief in opposition to appellee's motion to dismiss. The brief in opposition argued that the six-year statute of limitations under R.C. 2305.07 was applicable and, therefore, appellant's claims were not barred.
 {¶ 8} After reviewing the arguments, the trial court issued a judgment entry granting appellee's motion to dismiss. In doing so, the trial court adopted appellee's contention that appellant failed to file its complaint within the applicable sixty-day statute of limitation. From this judgment, appellant has filed a timely notice of appeal.
 {¶ 9} As an initial matter, we note that although appellant has provided an analysis of its argument, it has failed to include a specific assignment of error as part of its appellate brief. App.R. 16(A)(3) provides that appellant shall include "[a] statement of the assignments of error presented for review[.]" This court "may disregard an assignment of error presented for review" if the party raising it fails to comply with the above requirement. App.R. 12(A)(2). Nevertheless, appellant has adequately presented an analysis of its contentions, and in the interest of justice, we will proceed to address the merit of its arguments.
 {¶ 10} Appellant argues that the trial court erred in granting appellee's motion to dismiss because R.C. 2305.07
provides the applicable statute of limitations. We disagree.
 {¶ 11} First, we will set forth the appropriate standard of review. Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Our review of a dismissal under Civ.R. 12(B)(6) is de novo. West v. Sheets, 11th Dist. No. 2001-L-183, 2002-Ohio-7143 at ¶ 9; Camastro v. Motel 6 Operating, L.P. (Apr. 27, 2001), 11th Dist. No. 2000-T-0053, 2001 Ohio App. LEXIS 1936, at 12-13.
 {¶ 12} As such, to grant a dismissal of a complaint pursuant to Civ.R. 12(B)(6), it must appear beyond doubt that the plaintiff can prove no set of facts entitling him to relief.Celeste v. Wiseco Piston, 151 Ohio App.3d 554, 2003-Ohio-703, at ¶ 12. In construing a complaint upon a motion to dismiss for failure to state a claim, all factual allegations stated in the complaint must be presumed to be true and all reasonable inferences in favor of the nonmoving party be made. Id.
 {¶ 13} We will now examine the merit of appellant's contentions. R.C. 2305.07 provides the applicable statute of limitations for a claim under an oral contract, to wit:
 {¶ 14} "Except as provided in sections 126.301 [126.30.1] and1302.98 of the Revised Code, an action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."
 {¶ 15} In accordance with R.C. 2305.07, appellant maintains that the appropriate statute of limitations runs for six years, beginning from the accrual date of its claims for breach of an oral contract, promissory estoppel, and unjust enrichment. Thus, appellant concludes that its October 2, 2002 complaint claims were not yet time barred by any statute of limitations.
 {¶ 16} Despite appellant's contentions, it is clear that while appellant's claims originated from an oral agreement, the facts of the complaint affirmatively establish that its claim for reimbursement was presented and rejected by Ms. Geiger's estate. As a result, R.C. 2117.12 provides the appropriate statute of limitations.
 {¶ 17} R.C. 2117.12 sets forth the pertinent statute of limitations for commencing action on a claim rejected by an estate, to wit:
 {¶ 18} "When a claim against an estate has been rejected in whole or in part but not referred to referees, or when a claim has been allowed in whole or in part and thereafter rejected, the claimant must commence an action on the claim, or that part thereof rejected, within two months after such rejection if the debt or that part thereof rejected is then due, or within two months after the same becomes due, or be forever barred from maintaining an action thereon. * * *"
 {¶ 19} The clear and unambiguous language of R.C. 2117.12
states that upon the estate's rejection of a claim, the claimant is required to commence action on such claim within two months of the rejection. See, e.g., Ohio Mut. Ins. Assoc., United OhioIns. Co. v. Warlaumount (1997), 124 Ohio App.3d 473. Moreover, once a claimant has failed to present his or her claim within the time limitations of R.C. 2117.12, they are forever barred from maintaining that action against the estate. Carlin v. Mambuca
(1994), 96 Ohio App.3d 500, 506. The underlying substance of appellant's rejected claim was irrelevant. See, e.g., Poling v.Poling, 4th Dist. No. 03CA3, 2003-Ohio-5601 (holding that the claimant's claim against his deceased father's estate for breach of an oral contract was time barred by the statute of limitations under R.C. 2117.12). Therefore, the applicable statute of limitations in the case sub judice is provided by R.C. 2117.12.
 {¶ 20} It is clear that "[t]he statutory purpose of requiring all suits on rejected claims to be brought within two months of the rejection is to facilitate the administration of estates and to permit them to be settled and disposed of without delay."Stull v. Jentes (1985), 24 Ohio App.3d 127, 128. To hold that the six-year statute of limitations under R.C. 2305.37 is applicable when an estate rejects a claim for breach of an oral agreement would be contradictory to the primary legislative intent of R.C. 2117.12.
 {¶ 21} That being said, in the instant case, appellant's claim was rejected by Ms. Geiger's estate on April 19, 2002. Appellant's complaint was filed on October 2, 2002. The filing of appellant's complaint was beyond the two-month statute of limitations as provided by R.C. 2117.12 and, therefore, appellant was barred from commencing action on its claims. Thus, any substantive issue with respect to the validity of the oral agreement becomes moot.
 {¶ 22} Based upon the foregoing analysis, the trial court properly dismissed appellant's complaint. Appellant's assignment of error is without merit. The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Ford, P.J., and O'Neill, J., concur.