Tiffany BONKOWSKI, et al.

v.

FAIRFIELD MEDICAL CENTER et al.

2011-Ohio-2777.]

Court of Common Pleas of Ohio.

No. 10CV1474.

Decided April 6, 2011.

Axelrod Laliberte L.L.C. and Brian J. Laliberte, for plaintiffs.

Bricker & Eckler, L.L.P., Richard S. Lovering, and Bridget Purdue Riddell, for defendants.

_____

BERENS, Judge.

{¶ 1} This matter is before the court upon the motion to dismiss filed by 29 of the defendants on December 20, 2010. For the reasons that follow, defendants' motion is overruled.

## STATEMENT OF THE CASE

{¶ 2} This is a personal-injury action in which several causes of action are alleged, including medical malpractice. Defendants move to dismiss on the

authority of Civ.R. 10(D)(2) and 12(B)(6).[1] The motion under consideration argues that plaintiffs' complaint is insufficient under Civ.R. 10(D)(2) in that it is not supported by an affidavit of merit as to the claims against each defendant. Defendants also maintain that an affidavit of merit must provide facts that explain how each defendant violated the standard of care.

{¶ 3} As an initial matter, the court must address defendants' notice of filing supplemental authority and plaintiffs' motion to strike that document. Plaintiffs are correct that defendants' notice of supplemental authority is not proper under Loc.R. 2.2. But striking defendants' filing is unnecessary. Defendants' notice provided the court with a copy of a single recent decision of a common pleas court and minimal argument. Although the court is capable of conducting legal research on its own, the court appreciates notice of a relevant, recently-decided matter. The court also finds that plaintiffs are not prejudiced by defendants' filing of supplemental authority under the circumstances. Therefore, plaintiffs' motion to strike is overruled.

## LAW & ANALYSIS

{¶ 4} The issue before the court is defendants' motion for judgment on the pleadings based on plaintiffs' failure to state a claim upon which relief can be granted. Such a motion tests only the sufficiency of the pleadings and does not reach the substance of the action. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. In ruling whether a complaint fails to state a claim upon which relief can be granted, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584. Dismissal is then appropriate if the court "finds beyond doubt, that the plaintiff could prove no set of facts * * * that would entitle him to relief." *State ex rel. Midwest Pride IV v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931.

{¶ 5} Civ.R. 10(D)(2) establishes a pleading standard beyond the general rule of notice pleading. *Fletcher v. Univ. Hosps. of Cleveland,* 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, at ¶ 12–13. The rule, applicable only to medical, dental, optometric, or chiropractic claims, requires "one or more affida-

---

1. The court notes that defendants' motion cannot properly be a motion to dismiss under Civ.R. 12(B)(6) as defendants filed an answer in this action, thereby closing the pleadings. " '[A] motion to dismiss filed after the pleadings have closed * * * is appropriately considered a motion for judgment on the pleadings pursuant to Civ.R. 12(C).' " *State ex rel. Midwest Pride IV v. Pontious* (1996), 75 Ohio St.3d 565, 569, 664 N.E.2d 931, quoting *Lin v. Gatehouse Constr. Co.* (1992), 84 Ohio App.3d 96, 99, 616 N.E.2d 519. In the interests of justice, the court will so construe defendants' motion.

vits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." Civ.R. 10(D)(2)(a). Each affidavit of merit must be provided by an expert witness and must include "(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint; (ii) A statement that the affiant is familiar with the applicable standard of care; [and] (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff." The affidavit of merit goes only to the sufficiency of the complaint; it is not admissible as evidence or for impeachment. Civ.R. 10(D)(2)(d). Without an affidavit of merit, a medical claim may be dismissed for insufficient pleading, as upon a motion to dismiss for failure to state a claim upon which relief can be granted. Civ.R. 10(D)(2)(d); *Fletcher* at ¶ 13.

{¶ 6} The affidavit of merit at issue in this action was prepared by Dr. Lisa Keder, M.D., an obstetrician/gynecologist. It contains a statement of her qualifications as an expert, which have not been challenged in this action. It states that the affiant has reviewed all medical records reasonably available to the plaintiff, specifically listing some of the records reviewed by a treating physician and dates of treatment. It also states the extent of the affiant's familiarity with the applicable standards of care, a statement that has also not been challenged in this action. Finally, the affidavit of merit states, "In [affiant's] opinion, the physicians and staff treating Tiffany Bonkowski at Fairfield Medical Center from November 26, 2009 through November 29, 2009, breached the standard of care and that breach caused injury to plaintiff."

{¶ 7} Defendants' argument is that Civ.R. 10(D)(2) requires an affidavit of merit as to each named defendant. That argument is based on the "relative to each defendant" language in the rule. To the extent that the defendant argues that the rule requires a separate affidavit of merit for each defendant, that interpretation is clearly incorrect. It fails to account for Civ.R. 10(D)(2)(a)(iii), which requires that an affidavit of merit contain an opinion that "the standard of care was breached by *one or more of the defendants.*" (Emphasis added.)

{¶ 8} The phrase "relative to each defendant," read in light of the rest of the rule, means that a medical claim is not properly made against any defendant concerning whom there is not an affidavit of merit. That requirement can be met a number of ways. In a claim alleging negligence during a complex surgery, for example, it may be that a single expert is not qualified to address both the standard of care applicable to the defendant surgeon and the standard of care applicable to the defendant anesthesiologist. In that event, the plaintiff would be required to obtain a separate affidavit as to each. In another case, it may be that a single expert is qualified to address the standard of care applicable to multiple

defendants. In that event, only a single affidavit is needed, which will be "relative to" "one or more of the defendants." Just as "more than one affidavit may be required as to a particular defendant," one affidavit may suffice as to several defendants. See Civ.R. 10, Staff Note (July 1, 2007 Amendments). From the materials presently before the court, this action appears to be in the latter category. As stated above, defendants have raised no question as to Dr. Keder's qualifications.

{¶ 9} Defendants also suggest that an affidavit of merit must lay out the particular facts upon which the affiant based his or her opinion and must specifically identify the ways in which the defendant allegedly violated the standard of care. As support, defendants have provided a copy of a journal entry conditionally granting dismissal of a case, dated December 20, 2010, filed in *Woods v. Riverside Methodist Hosp.*, Franklin C.P. No. 10CVA-6-8441.

{¶ 10} In *Woods*, the plaintiffs filed suit against a hospital and eight doctors. The affidavit of merit filed with the complaint stated that "the standard of care was breached by one or more of the Defendants." After several motions challenging the sufficiency of the affidavit, and after an initial round of discovery, the plaintiffs still had not identified which defendants were alleged to have violated the standard of care. The court noted that the "affidavit is not even clear whether [affiant] thinks all of the doctors plus Riverside made mistakes, or instead whether as few as one defendant provided inadequate care." The court also stated that "it seems likely that the initial [affidavit] was defective in substance for failing to identify which specific doctor or hospital was at fault." The final result was that the court ordered the action dismissed unless the plaintiffs either submitted updated discovery responses identifying the allegedly negligent persons and the manner in which they were alleged to have been negligent or submitted an expert report or reports with the same information.

{¶ 11} This case presents different circumstances. Unlike the affidavit in *Woods*, Dr. Keder's affidavit raises no question as to who she believes breached the standard of care. She clearly stated an opinion that all the physicians and staff who "treat[ed] Tiffany Bonkowski at Fairfield Medical Center from November 26, 2009 through November 29, 2009" breached the standard of care. The affiant in *Woods* merely recited the language of the rule ("one or more of the defendants"), leaving it unclear whether his opinion related to all the defendants or as few as one. Dr. Keder's affidavit relates to all the defendants to this action, unless there are some of those defendants who were not physicians or staff who treated Tiffany Bonkowski at Fairfield Medical Center during the stated period.

{¶ 12} Moreover, neither the text of Civ.R. 10(D)(2) nor the analysis in *Woods* supports defendants' argument that plaintiffs were obligated to include an affidavit setting forth the specific analysis delineating every way that each

defendant breached the standard of care. Civ.R. 10(D)(2) specifically identifies the required content of the affidavit of merit and requires only a general statement that it is the affiant's expert opinion that a defendant violated the applicable standard of care. The rule "place[s] a heightened pleading requirement on parties bringing medical claims," but that requirement is satisfied by an affidavit meeting the requirements set forth in the rule. See *Fletcher*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, at ¶ 12. Civ.R. 10(D)(2) alters the general rules of notice pleading only insofar as it requires a sworn statement from a member of the medical profession attesting that the claim has merit as to each defendant. If the Ohio Supreme Court had intended Civ.R. 10(D)(2) to place a burden on plaintiffs to plead medical claims with factual specificity, it could have done so using language similar to that found in Civ.R. 9.

{¶ 13} *Woods* differed from this action in that it also involved evasive or incomplete discovery responses. The defendants in that action propounded an interrogatory upon the plaintiffs inquiring as to the facts and opinions upon which each witness would be expected to testify. The plaintiffs in that action responded that the answer was "unknown" and that the answer might be supplemented through discovery. Even under those circumstances, the court made dismissal expressly conditional on the plaintiffs' continued failure to provide information sufficient to allow the meaningful preparation of a defense and set out the date for that dismissal for another three months. Those circumstances are not present in this case, where defendants seek dismissal on the bare sufficiency of the pleadings, and discovery has just recently commenced.

{¶ 14} For all the foregoing reasons, looking only to the pleadings and drawing all reasonable inferences in favor of plaintiffs, the court cannot find that there is no set of facts upon which plaintiffs could prove they are entitled to relief. Therefore, defendants' motion for judgment on the pleadings is overruled.

So ordered.