[Cite as *O'Stricker v. Robinson Mem. Hosp. Found.*, 2017-Ohio-2600.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**


COREY O'STRICKER,                    :      **O P I N I O N**

        Plaintiff-Appellant,        :

        - vs -                            :      **CASE NO. 2016-P-0042**

ROBINSON MEMORIAL HOSPITAL    :
FOUNDATION, et al.,
                                            :
        Defendants-Appellees.


Civil Appeal from the Portage County Court of Common Pleas, Case No. 2011 CV 01405.

Judgment: Affirmed.


*Robert J. Sawyer*, 815 Superior Avenue East, Suite 300, Cleveland, OH  44114-2746 (For Plaintiff-Appellant).

*Elizabeth Nocera Davis*, and *Stephen W. Funk*, Roetzel & Andress, LPA, 222 South Main Street, Akron, OH  44308 (For Defendant-Appellee, Robinson Memorial Hospital).

*Juliana S. Gall*, *Rocco D. Potenza*, and *Douglas G. Leak*, Hanna Campbell & Powell, LLP, 3737 Embassy Parkway, Suite 100, P.O. Box 5521, Akron, OH  44333 (For Defendants-Appellees, Michael L. Pryce, M.D. and Stow-Kent Orthopedics, Inc.)


THOMAS R. WRIGHT, J.


{¶1}  Appellant, Corey O'Stricker, appeals two trial court judgments resulting in the dismissal of his medical malpractice suit.  We affirm.

**{¶2}** In 2008, O'Stricker broke his right femur during a basketball game and was transported and admitted to Robinson Memorial Hospital. The following day, Dr. Michael L. Pryce, M.D. of Stow-Kent Orthopedics, Inc. advised O'Stricker that he needed surgery. Pryce is an orthopedic surgeon. During the surgery, O'Stricker began violently kicking his right leg which resulted in the pin that was being placed in his leg to bump his hipbone and fracture his hip. The hip fracture required a second surgery.

**{¶3}** O'Stricker originally filed suit in 2009, but voluntarily dismissed the case without prejudice in 2010.

**{¶4}** In October 2011, O'Stricker refiled his suit against Robinson, Pryce, Stow-Kent, and John and Jane Does 1-10 for medical negligence. The trial court subsequently dismissed the claims against Price and Stow-Kent based on O'Stricker's deficient affidavit of merit.

**{¶5}** The trial court granted Robinson summary judgment as to all claims based on anesthesia services because O'Stricker did not timely name the anesthesiologist or nurse anesthetist, who were independent contractors, within the applicable statute of limitations. O'Stricker does not take issue with this decision on appeal.

**{¶6}** On July 5, 2016, the case proceeded to jury trial against the only remaining defendant, Robinson. At the close of O'Stricker's case, Robinson moved for a directed verdict, which the trial court granted. O'Stricker appeals the trial court's decision dismissing Pryce and Stow-Kent and its judgment granting a directed verdict in Robinson's favor.

**{¶7}** He asserts four assigned errors:

{¶8} "[1] The trial court abused its discretion and committed prejudicial error where it improperly directed a dismissal of defendants Michael L. Pryce, M.D. and Stow-Kent Orthopedics, Inc. without prior notice of intention to dismiss and hearing pursuant to Civ.R. 41(B)(1).

{¶9} "[2] The trial court committed error of law and abused its discretion in dismissing the complaint for lack of proper Affidavit of Merit where the cured Affidavit of Merit was properly attached and filed in a timely manner to the Complaint.

{¶10} "[3] The trial court abused its discretion and committed prejudicial error in failing to apply the doctrine of res judicata or collateral estoppels to the second motion by defendants-appellees, Michael L. Pryce, M.D. and Stow-Kent Orthopedics, Inc. to dismiss.

{¶11} "[4] The trial court committed error of law withdrawing case from jury and abused its discretion rendering judgment at end of plaintiff-appellant's direct case requiring specific expert testimony of orthopedic surgeon or anesthesiologist in establishing breach of the standard of care. (T-d 92)."

{¶12} Appellant's first two alleged errors challenge the trial court's decision dismissing his claims against appellees, Michael L. Pryce, M.D. and Stow-Kent Orthopedics, Inc. (Pryce and Stow-Kent). He argues the trial court failed to provide him any notice of its intention to dismiss these defendants, and that its dismissal was erroneous since his second affidavit of merit cured the alleged defects and complied with Civ.R.10(D)(2). We disagree.

3

{¶13} Pryce and Stow-Kent moved the court to dismiss the refiled complaint against them based on appellant's failure to attach a sufficient affidavit of merit to his complaint. Robinson did not join their motion to dismiss.

{¶14} O'Stricker was granted an extension of time to respond and filed a brief in opposition challenging the basis for the motion to dismiss. The trial court then permitted O'Stricker to file an amended affidavit of merit. In response, Pryce renewed his motion to dismiss based on the fact that the affidavit was still insufficient to satisfy Civ.R. 10(D)(2). Following a hearing, the trial court granted Pryce and Stow-Kent's motion.

{¶15} "[P]ursuant to Civ.R. 10(D)(2), an affidavit of merit is required to establish the adequacy of a medical complaint, and the failure to file an affidavit of merit renders it subject to dismissal for failure to state a claim upon which relief can be granted. See *Fletcher v. Univ. Hosps. of Cleveland,* 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 13. The affidavit-of-merit requirement thus prevents the filing of medical claims that are not supported by an expert's opinion, and it deters filing actions against all medical providers who cared for a patient." *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶19.

{¶16} Civ.R. 10(D)(2) states:

{¶17} "(2) *Affidavit of merit; medical, dental, optometric, and chiropractic liability claims.*

{¶18} "(a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in R.C. 2305.113, shall be accompanied by one or more affidavits of merit **relative to each defendant named in the complaint** for whom expert testimony is

4

necessary to establish liability.  Affidavits of merit shall be provided by an expert witness meeting the requirements of Evid.R. 702 and, if applicable, also meeting the requirements of Evid.R. 601(D).  Affidavits of merit shall include all of the following:

**{¶19}** "(i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;

**{¶20}** "(ii) A statement that the affiant is familiar with the applicable standard of care;

**{¶21}** "(iii) ***The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action*** and that the breach caused injury to the plaintiff.

**{¶22}** "(b) The plaintiff may file a motion to extend the period of time to file an affidavit of merit. The motion shall be filed by the plaintiff with the complaint. For good cause shown and in accordance with division (c) of this rule, the court shall grant the plaintiff a reasonable period of time to file an affidavit of merit, not to exceed ninety days, except the time may be extended beyond ninety days if the court determines that a defendant or non-party has failed to cooperate with discovery or that other circumstances warrant extension.

**{¶23}** "* * *

**{¶24}** "(e) If an affidavit of merit as required by this rule has been filed as to any defendant along with the complaint or amended complaint in which claims are first asserted against that defendant, and the affidavit of merit is determined by the court to be defective pursuant to the provisions of division (D)(2)(a) of this rule, the court shall

5

grant the plaintiff a reasonable time, not to exceed sixty days, to file an affidavit of merit intended to cure the defect." (Emphasis added.)

**{¶25}** We review a trial court's decision to dismiss a complaint for failure to comply with Civ.R. 10(D)(2) de novo. *Beegle v. S. Pointe Hosp.,* 8th Dist. Cuyahoga No. 96017, 2011-Ohio-3591, ¶7, citing *Chapman v. South Pointe Hospital,* 186 Ohio App.3d 430, 928 N.E.2d 777, 2010–Ohio–152, ¶9 (8th Dist.). "In deciding whether to dismiss a complaint, pursuant to Civ.R. 12(B)(6), * * * the trial court must presume all factual allegations in the complaint are true and construe the complaint in a light most favorable to the plaintiff, drawing all reasonable inferences in favor of the plaintiff. *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus." *Woods v. Riverside Methodist Hosp.,* 10th Dist. Franklin No. 11AP-689, 2012-Ohio-3139, ¶9.

**{¶26}** Pryce and Stow-Kent argue in their renewed motion to dismiss that O'Stricker's affidavit of merit was deficient since O'Stricker's expert, Nicholson, was not an orthopedic surgeon like Pryce, and as such, he was not qualified to testify under Evid.R. 601(D).

**{¶27}** Evid.R. 601 states in part,

**{¶28}** "Every person is competent to be a witness except:

**{¶29}** "* * *

6

{¶30} "(D) A person giving expert testimony on the issue of liability in any medical claim, as defined in R.C. 2305.113, asserted in any civil action against a physician, podiatrist, or hospital arising out of the diagnosis, care, or treatment of any person by a physician or podiatrist, unless:

{¶31} "(1) The person testifying is licensed to practice medicine and surgery, osteopathic medicine and surgery, or podiatric medicine and surgery by the state medical board or by the licensing authority of any state;

{¶32} "(2) The person devotes at least one-half of his or her professional time to the active clinical practice in his or her field of licensure, or to its instruction in an accredited school and

{¶33} "(3) The person practices in the same or a substantially similar specialty as the defendant. The court shall not permit an expert in one medical specialty to testify against a health care provider in another medical specialty unless the expert shows both that the standards of care and practice in the two specialties are similar and that the expert has substantial familiarity between the specialties.

{¶34} "If the person is certified in a specialty, the person must be certified by a board recognized by the American board of medical specialties or the American board of osteopathic specialties in a specialty having acknowledged expertise and training directly related to the particular health care matter at issue."

{¶35} O'Stricker's amended affidavit of merit, notarized January 9, 2012, states:

{¶36} "Now comes Oscar Nicholson, Jr., M.D. being first duly sworn deposes and says, I am a medical doctor duly license[d] to practice medicine in the State of Ohio and that I am in good standing at the time of this affidavit.

7

**{¶37}** "Affiant further says that at all times pertinent herein, affiant has practiced general surgery covering all surgical areas of medicine.

**{¶38}** "Affiant further says, he has reviewed all medical records reasonable [sic] available to Corey O'Stricker concerning the allegations contained in the Complaint.

**{¶39}** "Affiant further says as a surgeon with operating privileges in and about various hospitals in the Cleveland community for many years, he is familiar with the applicable standard of care required in undertaking the procedure experienced by Corey O'Stricker on the 19th day of April, 2008.

**{¶40}** "Affiant further says it is his opinion that the standard of care was breached by one or more of the defendants in this action and that the breach caused injury to Corey O'Stricker."

**{¶41}** Nicholson's affidavit states that he is a licensed medical doctor in Ohio and that at all pertinent times he practiced general surgery "covering all surgical areas of medicine," and that he is familiar with the applicable standard of care required in the procedure the plaintiff underwent on April 19, 2008. As appellees aver, Nicholson's affidavit does not detail that he was an expert witness who specifically complied with every aspect of Evid.R. 601(D). However, Civ.R. 10(D)(2) does not require an affidavit of merit *to show* that the plaintiff's expert specifically complies with each aspect of Evid.R. 702 and 601(D) or to recite the substance of these rules to demonstrate compliance. Instead, Civ.R. 10(D)(2) requires the affiant to be an expert who meets the requirements of Evid.R. 702 and, if applicable, Evid.R. 601(D).

**{¶42}** In *Woods v. Riverside Methodist Hosp.,* 10th Dist. Franklin No. 11AP-689, 2012-Ohio-3139, ¶13, the Tenth District decided a comparable case in which the

8

defendants were sued for medical malpractice. The numerous defendant doctors and hospital moved to dismiss the case since plaintiffs failed to satisfy Civ.R. 10(D)(2). The trial court agreed and dismissed. On appeal, Woods argued that Civ.R. 10(D)(2) does not require an affidavit of merit to include facts regarding each named defendant and "state specifically what each defendant did that would amount to medical negligence. Appellants also contend that the mere fact that Dr. Jones may not practice in the same specialties as the defendants does not disqualify him from completing the affidavit of merit, as long as he is at least familiar with the applicable standard of care, and he had an opinion that at least one of the named defendants breached that standard." *Id.* at ¶11.

**{¶43}** The Tenth District agreed in part, but nonetheless affirmed the dismissal based on the affidavit of merit's lack of compliance, explaining:

**{¶44}** "[A]lthough Civ.R. 10(D)(2) provides that affidavits of merit must be provided by an expert witness who complies with Evid.R. 601(D) and 702, the rule does not indicate that the expert must state so or paraphrase the language of these rules in the affidavit.

**{¶45}** "However, Civ.R. 10(D)(2) does provide that the plaintiff must submit 'one or more affidavits of merit relative to each defendant named in the complaint.' Civ.R. 10(D)(2)(a). Here, Dr. Jones averred that 'the standard of care was breached by one or more of the Defendants to the action.' This statement does not satisfy Civ.R. 10(D)(2). According to the language employed by Dr. Jones, he may be of the opinion that only one of the numerous [defendants] was negligent. At the very least, Dr. Jones could have indicated that the standard of care was breached by every defendant named in the

9

complaint. An affidavit that vaguely avers that the standard of care was breached by one or more defendants is insufficient." *Id.* at ¶13-14.

**{¶46}** We agree that an affidavit of merit does not have to include the specific averments evidencing that the affiant satisfies every aspect of Evid.R. 702 and 601(D). *Id.* at 13.

**{¶47}** However, and like *Woods*, appellant's affidavit was still deficient because it failed to identify the name of the defendant or the names of the defendants that Nicholson believed breached the standard of care and caused O'Stricker's damage. Nicholson's affidavit recites the generic language of the rule that "one or more defendants breached the standard of care" without identifying which defendant or defendants he believed breached the standard of care.

**{¶48}** As in *Woods*, Nicholson's affidavit is insufficient to satisfy the requirement in Civ.R. 10(D)(2) because the rule requires a complaint to "be accompanied by one or more affidavits of merit *relative to each defendant named in the complaint* for whom expert testimony is necessary to establish liability." (Emphasis added.) *Id.*; Civ.R. 10(D). See also *Bonkowski v. Fairfield Med. Ctr.,* 163 Ohio Misc.2d 21, 2011-Ohio-2777, 949 N.E.2d 606, ¶12 (C.P.) (holding that "Civ.R. 10(D)(2) alters the general rules of notice pleading only insofar as it requires a sworn statement from a member of the medical profession attesting that the claim has merit *as to each defendant.*" (Emphasis added.)) Unless there is only one doctor or medical provider named as a defendant, a finding that an expert's general averment that "one or more of the defendant" doctors or medical providers breached the standard of care and caused the plaintiff's damages as

10

sufficient to comply with Civ.R.10(D)(2)(a) renders the "relative to each defendant named in the complaint" language in the rule useless and with no effect. *Id.*

**{¶49}** Accordingly, we agree that O'Stricker's amended affidavit of merit was deficient since Nicholson only avers that "one or more defendants" breached the standard of care without identifying which named defendant or defendants he believed acted below the standard of care, and as such, the court's decision granting the motion to dismiss was proper.

**{¶50}** We also disagree with O'Stricker's argument that the trial court did not provide him adequate notice before dismissing his claims against Pryce and Stow-Kent. To the contrary, he was provided notice and a hearing after the trial court permitted him to amend his affidavit of merit beyond the 60 days permitted in Civ.R. 10(D)(2)(e). Thus, O'Stricker's first and second assigned errors lack merit.

**{¶51}** O'Stricker's third assigned error claims the trial court was barred by res judicata from reconsidering Pryce and Stow-Kent's motion to dismiss based on O'Stricker's affidavit of merit because this precise argument was previously rejected by the trial court before O'Stricker voluntarily dismissed his original complaint. We disagree.

**{¶52}** As O'Stricker contends, Pryce and Stow-Kent previously moved to dismiss his suit against them arguing that his affidavit of merit did not comply with Civ.R. 10(D)(2). The trial court originally overruled their motion. However, O'Stricker subsequently dismissed his complaint against all defendants, including Pryce and Stow-Kent, without prejudice under Civ.R. 41(A).

11

**{¶53}** "[A] voluntary dismissal pursuant to Civ.R. 41(A) renders the parties as if no suit had ever been filed against * * * the dismissed parties * * *." *Denham v. New Carlisle*, 86 Ohio St.3d 594, 597, 1999-Ohio-128, 716 N.E.2d 184 (1999).

**{¶54}** Thus, regardless of whether this issue was previously considered and rejected by the trial court *before* O'Stricker voluntarily dismissed his suit without prejudice, it has no res judicata effect upon the refiling of his claims because the order was interlocutory at the time O'Stricker dismissed his claims. *Toledo Heart Surgeons v. The Toledo Hosp.,* 6th Dist. Lucas No. L-02-1059, 2002-Ohio-3577, ¶35, citing *Denham.* Thus, the prior order is a nullity*. Id.*

**{¶55}** O'Stricker's final assigned error avers the trial court erred in directing a verdict in Robinson's favor.

**{¶56}** We review an order granting a directed verdict de novo since it presents a question of law. *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.,* 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, ¶4.

**{¶57}** "According to Civ.R. 50(A)(4), a motion for directed verdict is granted if, after construing the evidence most strongly in favor of the party against whom the motion is directed, 'reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party.' The 'reasonable minds' test mandated by Civ.R. 50(A)(4) requires the court to discern only whether there exists any evidence of substantive probative value that favors the position of the nonmoving party. * * *

12

**{¶58}** "'A motion for directed verdict * * * does not present factual issues, but a question of law, even though in deciding such a motion, it is necessary to review and consider the evidence.'" (Citations omitted.) *Id. at* ¶3-4.

**{¶59}** The case proceeded to a jury trial in July of 2016 against Robinson only. O'Stricker's counsel presented the testimony of Dr. Nicholson and O'Stricker along with three exhibits before resting his case. At the conclusion of plaintiff's evidence, Robinson moved for a directed verdict based on O'Stricker's failure to ask his expert any questions as to the doctor's standard of care or breach of the standard. The trial court agreed and ordered a directed verdict in Robinson's favor.

**{¶60}** In order to establish a viable claim for medical malpractice, a plaintiff must establish:

**{¶61}** "(1) a duty running from the defendant to the plaintiff, (2) a breach of that duty by the defendant, (3) damages suffered by the plaintiff, and (4) a proximate causal relationship between the breach of duty and the damages. *Hester v. Dwivedi,* 89 Ohio St.3d at 578, 733 N.E.2d 1161." *Schirmer v. Mt. Auburn Obstetrics & Gynecologic Assoc., Inc.,* 108 Ohio St.3d 494, 2006-Ohio-942, 844 N.E.2d 1160, ¶17.

**{¶62}** O'Stricker claims the trial court improperly dismissed his case on the erroneous premise that a general surgeon is not qualified to testify as to the standard of care and alleged breach by an orthopedic surgeon. However, the trial court granted a directed verdict based on O'Stricker's complete failure to elicit testimony establishing the hospital's standard of care or its breach of the standard.

**{¶63}** Regardless of whether Nicholson, as a general surgeon, qualified as an expert to give an opinion on the standard of care to be employed by an orthopedic

13

surgeon, appellant's counsel never elicited testimony to this effect. Instead, Nicholson simply recited the facts from O'Stricker's operative report and noted that the cause of O'Stricker's second fracture was O'Stricker "getting light in anesthesia" and his violent kicking during surgery. Appellant did not set forth any evidence showing that either Robinson or its employees breached any duty or standard of care owed to him. Furthermore, Robinson had previously been granted partial summary judgment for claims arising from anesthesia because O'Stricker failed to name the anesthesiologist or the nurse anesthetist, who were the hospital's independent contractors, before the statute of limitations ran.

{¶64} Thus, the trial court properly directed a verdict in Robinson's favor. O'Stricker's final assignment of error lacks merit and is overruled.

{¶65} The trial court's judgment is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.

14