[Cite as *Wilson v. Mercy Health*, 2021-Ohio-2470.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| NICOLE WILSON, ADMINISTRATOR OF THE ESTATE OF SILUS SMITH (a.k.a. BABY BOY WILSON), | CASE NO. 2021-T-0004 |
| Plaintiff-Appellant, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| MERCY HEALTH (FORMERLY ST. JOSEPH HOSPITAL), et al., | Trial Court No. 2020 CV 01135 |
| Defendants-Appellees. | |

# O P I N I O N

Decided: July 19, 2021
Judgment: Affirmed in part, reversed in part, and remanded

*Michael A. Scala*, 244 Seneca Avenue N.E., P.O. Box 4306, Warren, OH 44482 (For Plaintiff-Appellant).

*Thomas A. Prislipsky*, Reminger Co., LPA, 11 Federal Plaza Central, Suite 1200, Youngstown, OH 44503 (For Defendant-Appellee, Mercy Health [Formerly St. Joseph Hospital]).

*Stephen W. Funk* and *David E. Oeschger, Jr.*, Roetzel & Andress, LPA, 222 South Main Street, Suite 400, Akron, OH 44308 (For Defendant-Appellee, Norman Greene, M.D.).

CYNTHIA WESTCOTT RICE, J.

{¶1}   Appellant, Nicole Wilson, Administrator of the Estate of Silus Smith (a.k.a. Baby Boy Wilson) ("Ms. Wilson"), appeals the January 19, 2021 and January 22, 2021 Judgment Entries of the Trumbull County Court of Common Pleas dismissing appellant's wrongful death complaint and granting the motions to dismiss filed by appellees, Norman

Greene, M.D. and Mercy Health (Formerly St. Joseph Hospital). For the reasons discussed herein, the judgments are reversed and remanded.

{¶2} This case stems from the death of a newborn infant, Silas Smith, a.k.a. Baby Boy Wilson, who died several hours after his birth on July 26, 2017, from meconium aspiration. In 2018, the child's mother, Ms. Wilson, filed a wrongful death action against Mercy Health, where the child was born and cared for, and against Dr. Greene, who delivered the child. Mercy Health responded with a motion to dismiss, arguing the affidavits were insufficient as they did not comply with Civ.R. 10. Ms. Wilson was given two 60-day extensions to file an amended affidavit, which she did, but before the court decided whether the latest affidavits were sufficient, she voluntarily dismissed her complaint.

{¶3} Ms. Wilson refiled her complaint in 2020 pursuant to the saving statute, R.C. 2305.19. She included two affidavits which state that Dr. Greene and the nurses at Mercy Health "may have" contributed to the child's demise. Both appellees filed motions to dismiss on the pleadings, arguing that by the use of the word "may" the affidavits do not meet the requirements of Civ.R. 10(D)(2)(a)(iii). Ms. Wilson attached a new affidavit to her reply brief purporting to cure the defects; however, the trial court, ostensibly not acknowledging the new affidavit, granted appellees' motions to dismiss. It is from these decisions that Ms. Wilson now appeals, assigning three errors for our review.

{¶4} An appellate court reviews a trial court's dismissal under Civ.R. 12(B)(6) de novo. *O'Stricker v. Robinson Mem. Hosp. Found.,* 11th Dist. Portage No. 2016-P-0042, 2017-Ohio-2600, ¶25. Under de novo review, all factual allegations of the complaint must be accepted as true, and all reasonable inferences must be drawn in favor of the

2

nonmoving party. *Evans Property, Inc. v. Altiere*, 11th Dist. Geauga No. 2003-G-2494, 2004-Ohio-2305, ¶12. Thus, in order to grant a dismissal, it must appear beyond doubt that plaintiffs cannot prove any set of facts entitling them to relief. *Id.*

{¶5} Ms. Wilson's first assignment of error states:

{¶6} The trial court erred, to the detriment of appellant, by dismissing her complaint on the pleadings.

{¶7} Civ.R. 10(D)(2)(e) provides:

{¶8} [i]f an affidavit of merit as required by this rule has been filed as to any defendant along with the complaint or amended complaint in which claims are first asserted against that defendant, and the affidavit of merit is determined by the court to be defective pursuant to the provisions of division (D)(2)(a) of this rule, the court shall grant the plaintiff a reasonable time, not to exceed sixty days, to file an affidavit of merit intended to cure the defect. *Id.*

{¶9} Both appellees contend that the opportunity to correct a defect provided by Civ.R.10(D)(2)(e) applies only to claims when they are first asserted against the defendant, and that as Ms. Wilson voluntarily dismissed her first complaint, the 2020 complaint cannot be considered the first time these claims were asserted against them.

{¶10} However, a voluntarily dismissed complaint shall be considered as having never been filed. *O'Stricker, supra*, at ¶53, quoting *Denham v. New Carlisle*, 86 Ohio St.3d 594, 597 (1999) ("'[A] voluntary dismissal pursuant to Civ.R. 41(A) renders the parties as if no suit had ever been filed against * * * the dismissed parties * * *.'"). The fact that it is because Ms. Wilson filed in 2018 that she was able to use the savings statute to again file suit in 2020 is immaterial; the voluntarily dismissed 2018 suit is treated in this case as if it had never been filed.

{¶11} Moreover, appellees misconstrue the phrase "claims are first asserted against that defendant." The "first filed" language does not serve to mandate that only

3

the first time a complaint is filed against a certain defendant is a plaintiff given an opportunity to cure any defects. If this were the case, it would not make sense that Civ.R. 10(D)(2)(e) specifies affidavits filed "along with the complaint *or amended complaint.*" (Emphasis added.) *Id.* Instead, the "first filed" language of Civ.R. 10(D)(2)(e) serves to specify that if a plaintiff fails to attach any affidavit with his or her complaint, then that subsection of the civil rules does not allow them to "cure" this defect by filing an affidavit later.

{¶12} The staff notes to Civ.R. 10 clarify this by stating that "Civ.R. 10(D)(2)(e) allows a plaintiff a reasonable time * * * to cure any defects identified by the court in any affidavit filed with *a* complaint." (Emphasis added). The Tenth District, citing the staff notes, also concluded "the plain language of Civ.R. 10(D)(2)(e) unequivocally provides that a plaintiff may cure a defective affidavit if an affidavit was filed with a complaint." *Estate of Aukland v. Broadview NH, LLC*, 10th Dist. Franklin Nos. 16AP-661 and 16AP-765, 2017-Ohio-5602, ¶19.

{¶13} Thus, if a plaintiff files an affidavit along with his or her complaint or amended complaint, and the court finds it to be defective, Civ.R. 10(D)(2)(e) requires the trial court to allow the plaintiff up to 60 days to attempt to cure the defect. *See Chapman v. S. Pointe Hosp.,* 186 Ohio App.3d 430, 2010-Ohio-152, ¶¶26-28 (8th Dist.); *Wick v. Lorain Manor, Inc.*, 9th Dist. Lorain No. 12CA010324, 2014-Ohio-4329, ¶32. This is consistent with the widely accepted principle that cases should be decided on their merits rather than on technical grounds. *Baker v. McKnight*, 4 Ohio St.3d 125, 129 (1983) ("'Decisions on the merits should not be avoided on the basis of mere technicalities; pleading is not "a game of skill in which one misstep by counsel may be decisive to the

4

outcome * * * [rather] the purpose of pleading is to facilitate a proper decision on the merits.'" (Citations omitted.)").

{¶14} The opportunity to cure is not within a court's discretion to grant; rather, "the court shall grant the plaintiff a reasonable time" to attempt to cure any defects. Furthermore, it is clear that the cure period begins when the court determines the affidavits to be defective. Thus, contrary to Mercy Health's argument, the fact that Ms. Wilson had three years from the death of her son to the dismissal of her 2020 complaint is irrelevant to this assignment of error, as the court did not determine the affidavits attached to her 2020 complaint to be defective until January 2021 and the 2018 complaint is treated as if it were never filed.

{¶15} Ms. Wilson attached affidavits to her 2020 complaint, which the trial court found defective. After appellees filed their motions to dismiss, Ms. Wilson attached an amended affidavit to her reply to the motions. However, the trial court appears not to have considered this new affidavit, and the court did not give Ms. Wilson an opportunity to cure the defects required by Civ.R. 10(D)(2)(e) before dismissing her complaint.

{¶16} Accordingly, Ms. Wilson's first assignment of error has merit.

{¶17} Her second assigned error states:

{¶18} The trial court erred, to the detriment of appellant, by holding appellant's affidavits were insufficient under Civil Rule 10.

{¶19} Given our holding on Ms. Wilson's first assignment of error is dispositive, we need not address the merits of her second assigned error.

{¶20} Her third states:

{¶21} The trial court erred, to the detriment of appellant, by not applying the requirements of a wrongful death action instead of a medical claim.

5

Case No. 2021-T-0004

{¶22} Under this assignment of error, Ms. Wilson argues that wrongful death claims should be excused from the requirements of Civ.R. 10. In support, Ms. Wilson cites *Koler v. St. Joseph Hospital, et al.,* 69 Ohio St.2d 477 (1982), wherein the Supreme Court of Ohio ruled wrongful death actions are different from simple injury claims. *Id.* at 481. Ms. Wilson argues that since the Supreme Court has separated wrongful death from injury claims in one area, this court should hold that wrongful death claims, even if caused by medical professionals, should not require the Civ.R. 10 required affidavit of merit. We are not persuaded.

{¶23} Civ.R. 10(D)(2)(a) states that the requirements set forth therein apply to, inter alia, medical claims as defined by R.C. 2305.113.

{¶24} R.C. 2305.113(E)(3) defines a "medical claim" as:

{¶25} * * * any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person. "Medical claim" includes the following:

{¶26} (a) Derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person;

{¶27} (b) Derivative claims for relief that arise from the plan of care prepared for a resident of a home;

{¶28} (c) Claims that arise out of the medical diagnosis, care, or treatment of any person or claims that arise out of the plan of care prepared for a resident of a home and to which both types of claims either of the following applies:

{¶29} (i) The claim results from acts or omissions in providing medical care.

6

{¶30} (ii) The claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical diagnosis, care, or treatment.

{¶31} (d) Claims that arise out of the plan of care, medical diagnosis, or treatment of any person and that are brought under section 3721.17 of the Revised Code;

{¶32} (e) Claims that arise out of skilled nursing care or personal care services provided in a home pursuant to the plan of care, medical diagnosis, or treatment.

{¶33} In this case, Ms. Wilson's civil claims are asserted against a hospital and a physician. Ms. Wilson's complaint asserts that the appellees failed to diagnose and treat the child's meconium aspiration. Thus, it is readily apparent to this court that Ms. Wilson's claims "arise[ ] out of the medical diagnosis, care, or treatment of any person," and are, therefore, "medical claims" as defined by R.C. 2305.113 and subject to the Civ.R. 10(D) affidavit requirements.

{¶34} Additionally, as Mercy Health correctly notes, *Koler* was decided under a former version of R.C. 2305.113. Moreover, Civ.R. 10(D)(2)(a) expressly states the definition of "medical claim" is that definition set forth in R.C. 2305.113. Accordingly, we are not persuaded by Ms. Wilson's argument that *Koler* should be extended to separate medical injury claims from wrongful death claims.

{¶35} Accordingly, Ms. Wilson's third assignment of error is without merit.

{¶36} In light of the foregoing, the judgments of the Trumbull County Court of Common Pleas are affirmed in part, reversed in part, and remanded.

MARY JANE TRAPP, P.J.,

THOMAS R. WRIGHT, J.,

concur.

7

Case No. 2021-T-0004