[Cite as *Flynn v. Cleveland Clinic Health Sys.-E.*, 2018-Ohio-585.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105720**

# BONNIE R. FLYNN

PLAINTIFF-APPELLANT

vs.

# CLEVELAND CLINIC HEALTH SYSTEM-EAST, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-872982

**BEFORE:** Stewart, J., E.A. Gallagher, A.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** February 15, 2018

**ATTORNEY FOR APPELLANT**

Jennifer L. Lawther
Nager, Romaine & Schneiberg Co., L.P.A.
27730 Euclid Avenue
Cleveland, OH 44132


**ATTORNEYS FOR APPELLEES**

Thomas B. Kilbane
Martin T. Galvin
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, OH 44115

George S. Coakley
Richard T. Lobas
Coakley Lammert Co., L.P.A.
1100 Superior Avenue, East, Suite 1314
Cleveland, OH 44114

MELODY J. STEWART, J.:

{¶1} Appellant Bonnie Flynn, the administrator of the estate of Glenna Lankford, requested that this appeal be placed on our accelerated calendar under App.R. 11.1 and Loc.App.R. 11.1. By doing so, she has agreed that we may render a decision in "brief and conclusionary form" on her contention that the court erred by dismissing her medical malpractice complaint against defendant-appellee Cleveland Clinic Health System-East Region (and other named defendants) for failure to attach an affidavit of merit. *See* App.R. 11.1(E).

{¶2} Flynn did not attach an affidavit of merit to her complaint, but sought an extension of time to submit one under Civ.R. 10(D)(2)(b). The court granted an extension of over 60 days and informed Flynn that her failure to produce an affidavit of merit would result in a dismissal for failure to prosecute. Before the expiration of the deadline, Flynn filed a motion seeking an additional 90-day extension on grounds that she needed "additional medical records and imaging before the case can be properly reviewed by a medical expert." The court denied the second motion for an extension of time to file an affidavit of merit, but nonetheless set a new deadline for filing the affidavit of merit some 34 days beyond the original date. It then dismissed the complaint when the new deadline lapsed.

**{¶3}** The court did not abuse its discretion by refusing to grant a second extension of time in which to file an affidavit of merit. In the motion for additional time to produce an affidavit of merit attached to her complaint, Flynn stated that "she still needs additional medical records and imaging before the case can be properly reviewed by a medical expert." Her second motion for an extension of time to produce an affidavit of merit was identical to the first motion, including the statement that she "still needs additional medical records and imaging before the case can be properly reviewed by a medical expert." Neither motion gave any indication of what discovery, if any, had been attempted. Nor did the motion identify the specific medical records Flynn requested and why she was having difficulty obtaining them. *See* Civ.R. 10(D)(2)(c).

**{¶4}** Flynn also argues that the court erred by finding that all of the causes of action stated in the complaint were subject to the Civ.R. 10(D)(2) requirement of an affidavit of merit. Although claims filed against medical providers that do not implicate malpractice are not subject to the affidavit of merit requirement set forth in Civ.R. 10(D)(2), *Metro v. Diplomat Healthcare*, 8th Dist. Cuyahoga No. 100799, 2014-Ohio-3146, ¶ 3, none of Flynn's causes of action fell outside the affidavit of merit requirement. Count 1 stated a claim of "medical negligence"; Counts 2 and 4 stated a derivative claims for loss of consortium and "survivorship" based on the alleged medical malpractice. *See* R.C. 2305.113(E)(7); *Singh v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 99066, 2013-Ohio-2465, ¶ 9. Count 3 stated a claim for wrongful death based on Lankford being "improperly evaluated, diagnosed and/or treated" and had to be supported by an affidavit of merit. *See Hubbard v. Laurelwood Hosp.*, 85 Ohio App.3d 607, 620 N.E.2d 895 (11th Dist.1993).

**{¶5}** Judgment affirmed.

It is ordered that appellees recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN A. GALLAGHER, A.J., and
ANITA LASTER MAYS, J., CONCUR