[Cite as *Davis v. Mercy St. Vincent Med. Ctr.*, 2022-Ohio-1266.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Donald A. Davis, Individually, and as
Executor of the Estate of Monica P.
Davis, et al.

Court of Appeals No. L-21-1095

Trial Court No. CI0201803398

Appellants

v.

Mercy St. Vincent Medical Center,
et al.

**DECISION AND JUDGMENT**

Appellees

Decided: April 15, 2022

* * * * *

Gary W. Osborne and Jack S. Leizerman, for appellants.

Julia Smith Wiley and Kayla L. Henderson, for appellee
Mercy St. Vincent Medical Center.

Taylor C. Knight and Erin Siebenhar Hess, for appellees Fayyaz H.
Hashmi, M.D., Mercy Health North, LLC (fka) Mercy Health System-
Northern Region and Mercy Medical Partners, Northern Region, LLC.

* * * * *

**MAYLE, J.**

{¶ 1} Plaintiffs-appellants, Donald Davis, Individually and as Executor of the

Estate of Monica Davis, and Dustin Davis, appeal the April 22, 2021 judgment of the

Lucas County Court of Common Pleas, granting motions for judgment on the pleadings, or alternatively, for summary judgment in favor of defendants-appellees, Mercy St. Vincent Medical Center, Fayyaz H. Hashmi, M.D., and Mercy Health North, LLC, fka Mercy Health System-Northern.  For the following reasons, we reverse.

## I.     Background

{¶ 2} Monica Davis died on April 4, 2014, allegedly as the result of medical negligence committed on November 4, 2013, by Fayyaz Hashmi, M.D. and other health care providers.  On May 4, 2015, after properly availing themselves of the additional 180 days to file suit under R.C. 2305.113(B), her husband and executor of her estate, Donald Davis, and her son, Dustin Davis (collectively, "Davis"), filed a complaint against Dr. Hashmi, his practice, Mercy St. Vincent Hospital, and others, alleging medical negligence, loss of consortium, and wrongful death.  On August 21, 2017, after extensive discovery, Davis dismissed his claims against all defendants without prejudice under Civ.R. 41(A)(1)(a).  He refiled the case on August 15, 2018—within one year of his voluntary dismissal without prejudice—against Dr. Hashmi, Mercy St. Vincent Hospital, Mercy Health North, LLC, fka Mercy Health System-Northern, and Mercy Medical Partners, Northern Region, LLC ("appellees").

{¶ 3} On July 30, 2019, appellees filed motions for judgment on the pleadings and for summary judgment.  They argued that the four-year statute of repose for medical claims set forth in R.C. 2305.113(C) barred Davis's claims because he refiled his complaint more than four years after the allegedly negligent act giving rise to his claims.

2.

In a September 17, 2019 judgment, the trial court denied appellees' motions because Davis had refiled his lawsuit within the one-year period set forth in Ohio's saving statute, R.C. 2305.19.

{¶ 4} Over a year after the trial court denied appellees' motions, on December 23, 2020, the Ohio Supreme Court decided *Wilson v. Durrani*, 164 Ohio St.3d. 419, 2020-Ohio-6827, 173 N.E.3d 448. In *Wilson,* the court held that "a plaintiff may [not] take advantage of Ohio's saving statute to refile a medical claim after the applicable one-year statute of limitations has expired if the four-year statute of repose for medical claims has also expired." *Id.* at ¶ 1.

{¶ 5} Following the Ohio Supreme Court's decision in *Wilson*, appellees filed renewed motions for judgment on the pleadings or, alternatively, for summary judgment, and a motion for reconsideration of the trial court's September 17, 2019 judgment. On April 22, 2021, the trial court granted appellees' motions for judgment on the pleadings or, alternatively, for summary judgment. Davis appealed. He assigns a single error for our review:

THE TRIAL COURT ERRED WHEN IT FOUND THAT THE OHIO MEDICAL MALPRACTICE STATUTE OF REPOSE, R.C. 2305.113(C), APPLIES TO WRONGFUL DEATH CLAIMS.

## II. Law and Analysis

{¶ 6} The issue in this case is whether a plaintiff may rely on Ohio's wrongful-death saving statute, R.C. 2125.04, to refile a wrongful-death claim predicated on

3.

medical negligence within one year of voluntarily dismissing his original complaint without prejudice but more than four years after the allegedly negligent act occurred— i.e., after the statute of repose for filing a "medical claim" has expired. Davis argues that where a wrongful-death claim is timely-filed to begin with, is dismissed without prejudice, and is refiled within one year of dismissal under the wrongful-death saving statute, that claim is not barred by the medical-claim statute of repose.

{¶ 7} Appellees respond that a wrongful-death claim predicated on alleged medical negligence is a "medical claim" that is subject to the four-year statute of repose set forth in R.C. 2305.113(C); the statute of repose may be tolled only as specified in R.C. 2305.113(C). They argue that the general saving statute and the wrongful-death saving statute are operatively identical, so *Wilson* applies with equal force to actions refiled under the wrongful-death saving statute. Appellees point us to other Ohio cases that hold that the four-year medical-claim statute of repose applies to wrongful-death actions arising from negligent medical care.

## A. Standards of Review

{¶ 8} The trial court granted appellees' motion for judgment on the pleadings or, alternatively, motions for summary judgment.

{¶ 9} Under Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In considering a Civ.R. 12(C) motion, the trial court may review only "the complaint and the answer as well as any material incorporated by reference or attached as exhibits to those pleadings."

4.

*Walker v. City of Toledo*, 2017-Ohio-416, 84 N.E.3d 216, ¶ 19 (6th Dist.). Employing the same standard as a Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted, the trial court must construe as true the material allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Id.* at ¶ 18, citing *McMullian v. Borean*, 167 Ohio App.3d 777, 2006-Ohio-3867, 857 N.E.2d 180, ¶ 7 (6th Dist.); *Ohio Manufacturers' Assn. v. Ohioans for Drug Price Relief Act,* 147 Ohio St.3d 42, 2016-Ohio-3038, 59 N.E.3d 1274, ¶ 10, citing *Rayess v. Educational Comm. for Foreign Med. Graduates,* 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18. If it appears from the pleadings and the materials incorporated by reference or attached as exhibits that the nonmoving party can prove no set of facts entitling it to relief, the trial court may dismiss the plaintiff's claims under Civ.R. 12(C). *Ohio Manufacturers' Assn.* at ¶ 10. We review the trial court's judgment de novo. *Reister v. Gardner*, 164 Ohio St.3d 546, 2020-Ohio-5484, 174 N.E.3d 713, ¶ 17.

{¶ 10} Appellate review of a summary judgment is de novo, *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), employing the same standard as trial courts. *Lorain Natl. Bank v. Saratoga Apts.,* 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989). The motion may be granted only when it is demonstrated:

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is

5.

adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978), Civ.R. 56(C).

{¶ 11} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988), syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79, 463 N.E.2d 1246 (1984). A "material" fact is one which would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist.1999); *Needham v. Provident Bank*, 110 Ohio App.3d 817, 826, 675 N.E.2d 514 (8th Dist.1996), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 201 (1986).

## B.  The Statutes at Issue

{¶ 12} Davis's complaint alleged claims for medical negligence, loss of consortium, and wrongful death. The statute of limitations for Davis's claims for medical negligence and loss of consortium is set forth in R.C. 2305.113(A). It provides that "an

6.

action upon a medical * * * claim shall be commenced within one year after the cause of action accrued."  Under R.C. 2305.113(B)(1), if, before the expiration of the one-year period, a plaintiff provides the defendant written notice that he is considering bringing an action, he may extend the statute of limitations by 180 days from the time proper notice is given.  *See Szwarga v. Riverside Methodist Hosp.,* 2014-Ohio-4943, 23 N.E.3d 260, ¶ 8 (10th Dist.).

{¶ 13} R.C. 2305.113(C) sets forth a four-year statute of repose for medical claims.  It provides that "[e]xcept as to persons within the age of minority or of unsound mind," and except as provided in R.C. 2305.113(D), "[n]o action upon a medical * * * claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim."  R.C. 2305.113(C)(1).  "If an action upon a medical * * * claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim, then, any action upon that claim is barred."  R.C. 2305.113(C)(2).  R.C. 2305.113(D) sets forth two exceptions to the statute of repose:

> (1) If a person making a medical claim * * *, in the exercise of reasonable care and diligence, could not have discovered the injury resulting from the act or omission constituting the alleged basis of the claim within three years after the occurrence of the act or omission, but, in the exercise of reasonable care and diligence, discovers the injury resulting from that act or omission before the expiration of the four-year period

7.

specified in division (C)(1) of this section, the person may commence an action upon the claim not later than one year after the person discovers the injury resulting from that act or omission.

(2) If the alleged basis of a medical claim * * * is the occurrence of an act or omission that involves a foreign object that is left in the body of the person making the claim, the person may commence an action upon the claim not later than one year after the person discovered the foreign object or not later than one year after the person, with reasonable care and diligence, should have discovered the foreign object.

{¶ 14} Davis's wrongful death claim was brought under Chapter R.C. 2125. Under R.C. 2125.01, "[w]hen the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued * * * shall be liable to an action for damages, notwithstanding the death of the person injured * * *." The time within which a wrongful-death claim must be brought is set forth in R.C. 2125.02(D)(1). It provides that "[e]xcept as provided in division (D)(2) of this section, a civil action for wrongful death shall be commenced within two years after the decedent's death." R.C. 2125.02(D)(2) provides a ten-year statute of repose applicable only to wrongful death actions involving product-liability claims and carves out certain exceptions to that statute of repose. The wrongful-death statute of repose is substantially similar to R.C. 2305.10(C)(1), which states that "no cause of action based

8.

on a product liability claim" shall accrue later than ten years after certain events, and subject to certain exceptions.

{¶ 15} Finally, for plaintiffs who file a complaint that "fails otherwise than upon the merits," R.C. 2305.19(A) and R.C. 2125.04 are "saving statutes" that allow plaintiffs to file a new action within one year of that failure otherwise than on the merits. R.C. 2305.19(A), the general saving statute, provides:

In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

R.C. 2125.04, the wrongful-death savings statute, provides:

In every civil action for wrongful death that is commenced or attempted to be commenced within the time specified by division (D)(1) or (D)(2)(c), (d), (e), (f), or (g) of section 2125.02 of the Revised Code, if a judgment for the plaintiff is reversed or the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new civil action for wrongful death within one year after the date of the reversal of the

judgment or the plaintiff's failure otherwise than upon the merits or within the period specified by any of those divisions, whichever occurs later.

## C. *Wilson v. Durrani*

{¶ 16} The trial court dismissed Davis's refiled complaint after the Ohio Supreme Court's December 23, 2020 decision in *Wilson*, 164 Ohio St.3d. 419, 2020-Ohio-6827, 173 N.E.3d 448. In *Wilson,* the court considered whether the general saving statute, R.C. 2305.19(A), permits a plaintiff to refile a medical claim after the four-year statute of repose in R.C. 2305.113(C) has expired.

{¶ 17} In *Wilson,* two separate plaintiffs (Sand and Wilson) filed complaints in Butler County in March of 2013, and April of 2013, respectively, for injuries resulting from spinal surgeries that Dr. Durrani performed in April of 2010, and February and April of 2011. Both plaintiffs voluntarily dismissed their complaints without prejudice under Civ.R. 41(A)(1)(a) on November 25, 2015, and December 11, 2015, then refiled in Hamilton County in December 2015. Defendants moved for judgment on the pleadings in both refiled cases, arguing that R.C. 2305.113(C)'s statute of repose barred their refiled claims because they arose from surgeries that were performed more than four years before plaintiffs refiled. The trial court granted defendants' motion.

{¶ 18} Plaintiffs appealed the trial court judgment, arguing that the Ohio saving statute permitted them to refile their claims within one year after the voluntary dismissals. The First District Court of Appeals agreed and reversed the trial court judgment. It held

10.

that plaintiffs had timely refiled their claims under the saving statute, so the statute of repose did not bar their refiled claims.

{¶ 19} Defendants appealed to the Ohio Supreme Court. The court accepted their appeal to address "whether the saving statute permits the refiling of actions beyond the expiration of the medical statute of repose." *Wilson v. Durrani,* 157 Ohio St.3d 1562, 2020-Ohio-313, 138 N.E.3d 1152. As described by the court, the question presented on appeal required it to consider "the interplay between three distinct types of statutes: (1) statutes of limitations, (2) statutes of repose, and (3) saving statutes." *Wilson,* 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, at ¶ 7.

{¶ 20} The court explained that "[a] statute of limitations establishes 'a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered).'" *Id.* at ¶ 9, quoting *Black's Law Dictionary* 1707 (11th Ed.2019). A "[s]tatute[] of limitations emphasize[s] plaintiffs' duty to diligently prosecute known claims." *Id.* at ¶ 10, citing *CTS Corp. v. Waldburger*, 573 U.S. 1, 8, 134 S.Ct. 2175, 189 L.Ed.2d 62 (2014). It "operates on the remedy, not on the existence of the cause of action itself." *Id.*, citing *Mominee v. Scherbarth*, 28 Ohio St.3d 270, 290, 503 N.E.2d 717 (1986), fn. 17 (Douglas, J., concurring).

{¶ 21} The court explained that a statute of repose "bars 'any suit that is brought after a specified time since the defendant acted * * * even if this period ends before the plaintiff has suffered a resulting injury.'" *Id.* at ¶ 9, quoting *Black's* at 1707. A "[s]tatute[] of repose * * * emphasize[s] defendants' entitlement to be free from liability

11.

after a legislatively determined time." *Id.* at ¶ 10, citing *CTS Corp.* at 9.  It bars the claim itself.  *Id.*, citing *Treese v. Delaware*, 95 Ohio App.3d 536, 545, 642 N.E.2d 1147 (10th Dist.1994).

{¶ 22} Finally, the court explained, a saving statute extends the time in which a plaintiff may file an action.  Generally, it "provide[s] that 'where an action timely begun fails in some manner described in the statute, other than on the merits, another action may be brought within a stated period from such failure.'"  *Id.* at ¶ 9, quoting Annotation, 6 A.L.R.3d 1043 (1966).  A saving statute "acts as an exception to the general bar of the statute of limitations."  *Id.,* citing *Chadwick v. Barba Lou, Inc.*, 69 Ohio St.2d 222, 232, 431 N.E.2d 660 (1982) (Krupansky, J., concurring in part and dissenting in part).

{¶ 23} The parties in *Wilson* agreed that plaintiffs' claims were "medical claims" as defined in R.C. 2305.113(E)(3).  R.C. 2305.113(A) establishes a one-year statute of limitations for medical claims; R.C. 2305.113(C) establishes a four-year statute of repose. The court described R.C. 2305.113(C) as "a 'true statute of repose that applies to both vested and nonvested claims.  Therefore, any medical-malpractice action must be filed within four years of the occurrence of the act or omission alleged to have caused a plaintiff's injury.'"  *Id.* at ¶ 16, quoting *Antoon v. Cleveland Clinic. Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 1.

{¶ 24} The court identified the saving statute relevant to the action as R.C. 2305.19(A).  It emphasized that R.C. 2305.19(A) does not operate as a statute of limitations, nor does it operate to toll the statute of limitations.  *Id.* at ¶ 18.  "Rather," the

12.

court explained, "it provides a plaintiff with a limited period of time in which to refile a dismissed claim by commencing a new action that would otherwise be barred by the statute of limitations." (Citations omitted.) *Id.*

{¶ 25} The court observed that under R.C. 2305.113(C), plaintiffs were required to have filed their medical claims "within four years of the occurrence of the acts or omissions that allegedly caused their injuries." *Id.* at ¶ 19. It recognized that the plaintiffs' original complaints were filed within four years, but were voluntarily dismissed without prejudice. The court explained that when a complaint is dismissed without prejudice, "the action 'is deemed to never have existed.'" *Id.* at ¶ 20, quoting *Antoon* at ¶ 24, citing *De Ville Photography, Inc. v. Bowers*, 169 Ohio St. 267, 272, 159 N.E.2d 443 (1959). The initial filing of a medical claim does not "indefinitely suspend[] the running of the statute of repose, regardless of a subsequent dismissal without prejudice." *Id.* at ¶ 21, citing *Antoon* at *id.* Rather, for purposes of the statute of repose, the malpractice action commences only when the refiled claim is filed. Thus, unless the saving statute operates as an exception to the statute of repose, plaintiffs' refiled claims would be time-barred because they were not filed within four years of the occurrence of the acts or omissions that caused their injuries.

{¶ 26} Plaintiffs argued that because they voluntarily dismissed their claims under Civ.R. 41(A)(1)(a), they were entitled to refile their claims within one year under R.C. 2305.19(A). Defendants conceded that the saving statute acts as an exception to a

13.

statute-of-limitations defense to plaintiff's refiled claims, but they insisted that it does not serve as an exception to the statute of repose.

{¶ 27} The court sided with defendants. It stressed that R.C. 2305.113(C) means what it says; that is, "[i]f a lawsuit bringing a medical * * * claim is not commenced within four years after the occurrence of the act or omission constituting the basis for the claim, then any action upon that claim is barred.'" *Id.* at ¶ 24, quoting *Antoon* at ¶ 23.

{¶ 28} Plaintiffs argued that for purposes of the statute of repose, when they refiled their claims within one year of voluntarily dismissing them, the new complaints "related back" to the dates they initially filed their original complaints. The court disagreed. It acknowledged that in *Frysinger v. Leech*, 32 Ohio St.3d 38, 512 N.E.2d 337 (1987), the court observed that "[w]here R.C. 2305.19 applies, the date for filing the new action *relates back* to the filing date for the preceding action for limitations purposes." (Emphasis added.) *Id.* at ¶ 26, citing *Lewis v. Connor*, 21 Ohio St.3d 1, 4, 487 N.E.2d 285 (1985); *Reese v. Ohio State Univ. Hosp.*, 6 Ohio St.3d 162, 163-164, 451 N.E.2d 1196 (1983). But it characterized the "relation back" statement as dicta. It explained that the saving statute operates to "to give a plaintiff a limited period of time in which to file a dismissed claim that would otherwise be time-barred," thereby permitting the refiling of an action beyond the statute of limitations. *Id.* at ¶ 28. It clarified that "the saving statute anticipates the commencement of a new action"—"not the reactivation of the prior action"—and emphasized that the saving statute "says nothing about the new action relating back to the filing date of the prior action." *Id.*

14.

{¶ 29} The court reasoned that because of the different purposes served by statutes of limitations and statutes of repose, "exceptions to a statute of repose require 'a particular indication that the legislature did not intend the statute to provide complete repose but instead anticipated the extension of the statutory period under certain circumstances,' as when the statute of repose itself contains an express exception." *Id.* at ¶ 29. It observed that the legislature incorporated into R.C. 2305.113(C) two express exceptions to the statute of repose: (1) it tolled the statute of repose "'as to persons within the age of minority or of unsound mind as provided in' R.C. 2305.16"; and (2) under subsections (D)(1) and (2), it extended the four-year repose period for claims that accrue in the last year of the repose period and those based upon a foreign object left in a patient's body. *Id.*, citing R.C. 2305.113(C) and (D). The court refused to read into the statute an exception for application of the saving statute and found that "R.C. 2305.113(C) clearly and unambiguously prohibits the commencement of any action upon a medical claim more than four years after the act or omission upon which the claim is based." *Id.*

{¶ 30} As additional justification for the result it reached, the court observed that R.C. 2305.10(C) (which imposes a ten-year statute of repose for product-liability claims) expressly states that it applies "[e]xcept as otherwise provided in" R.C. 2305.19, the saving statute. Neither R.C. 2305.113(C) nor R.C. 2305.131 (which created a statute of repose for certain construction-defect claims) include this express exception to the statute of repose, therefore, the court reasoned, it can be inferred that the legislature knows how

15.

to carve out such an exception when it intends to do so.  Thus, "without an express indication to the contrary, the saving statute would not override the statutes of repose." *Id.* at ¶ 31.

{¶ 31} In sum, the court concluded that "R.C. 2305.113(C) is a true statute of repose that, except as expressly stated in R.C. 2305.113(C) and (D), clearly and unambiguously precludes the commencement of a medical claim more than four years after the occurrence of the alleged act or omission that forms the basis of the claim," even as to a claim "that has previously failed otherwise than on the merits in a prior action." *Id.* at ¶ 38.  "Had the General Assembly intended the saving statute to provide an extension of the medical statute of repose, it would have expressly said so in R.C. 2305.113(C), as it did in R.C. 2305.10(C), the statute of repose that governs product-liability claims." *Id.*[1]

---

[1] Following the Ohio Supreme Court's decision, plaintiffs moved for reconsideration of the court's ultimate conclusion that the medical-claim statute of repose barred their refiled actions.  In addition to challenging the court's rationale for its decision, plaintiffs also argued that the statute of repose had not expired on their refiled actions because Ohio's tolling statute, R.C. 2305.15, operated to toll the action because while out on criminal bond, Dr. Durrani had fled to his native Pakistan in December 2013, in order to avoid federal criminal prosecution.  The Ohio Supreme Court granted plaintiffs' motion, in part, and remanded the matter to the court of appeals "solely to consider whether the repose period was tolled under R.C. 2305.15(A)." *Wilson v. Durrani,* 161 Ohio St.3d 1453, 2021-Ohio-534, 163 N.E.3d 580.

On remand, the First District determined that "the repose period in R.C. 2305.113(C) may be tolled in accordance with R.C. 2305.15(A)." *Wilson v. Durrani*, 1st Dist. Hamilton No. C-180196, 2021-Ohio-3226, ¶ 1.  It found that the repose period was, in fact, tolled when Durrani fled the country in 2013, therefore, the statute of repose did not bar plaintiffs' claims against Durrani.

## D. Analysis

{¶ 32} *Wilson* involved a medical claim involving a non-fatal injury to the patient. Davis has conceded that his medical claim and loss-of-consortium claim are barred under *Wilson.* This appeal concerns only Davis's wrongful-death claim.

{¶ 33} Appellees insist that Davis's wrongful death claim is a "medical claim." Accordingly, they argue, it is subject to the four-year medical-claim statute of repose set forth in R.C. 2305.113(C). They maintain that the only exceptions to the four-year repose period are set forth in R.C. 2305.113(C) itself, and there is no logical or legal support for treating a wrongful-death claim constituting a medical claim differently than a survival claim for purposes of the statute of repose. To hold otherwise, they contend, would circumvent the purpose of the statute of repose.

{¶ 34} Davis argues that whether his claim is deemed to be a "medical claim" is "not determinative of the applicability of the wrongful death savings clause." He emphasizes that Ohio has afforded special protections to wrongful death claimants that are not afforded to non-fatal bodily injury claimants. For example, the Ohio Constitution, Article I, Section 19(a) provides that the amount of compensation for a wrongful-death claim may not be limited by law. Moreover, the two claims have different statutes of limitation. Davis points out that the Ohio Supreme Court itself has acknowledged the distinct nature of such claims. *See e.g., Koler v. St. Joseph Hosp.,* 69 Ohio St.2d 477,

17.

432 N.E.2d 821 (1982), and *Klema v. St. Elizabeth's Hosp. of Youngstown*, 170 Ohio St. 519, 524, 166 N.E.2d 765 (1960).

{¶ 35} Davis emphasizes that unlike the medical-claim statute, the wrongful-death statute contains its own saving clause—R.C. 2125.04. He insists that "the legislature's inclusion of a saving clause in the wrongful death statute indicates that it intended to protect the rights of wrongful death plaintiffs apart from any other statutory provision." Davis maintains that to affirm the trial court decision would require us to carve out an exception to the clear and unambiguous statutory language of the wrongful-death statute and create different classes of wrongful-death victims—medical-malpractice victims and everyone else.

{¶ 36} Appellees acknowledge that the Wrongful Death Act contains its own saving statute, R.C. 2125.04, but they insist that the language of that statute is virtually identical to the language in the general saving statute contained in R.C. 2305.19. They emphasize that under either statute, the first-filed complaint is a legal nullity, and the parties are left as though no action had been brought at all. They claim that under either statute, the statute of repose is an absolute bar to all medical claims filed more than four years after the alleged negligence.[2]

---

[2] The dissent suggests that because Davis cited R.C. 2305.19 when he refiled his complaint, he "made no attempt to seek protection under R.C. 2125.04 for the timing of his filing." As the Ohio Supreme Court acknowledged in *Eppley v. Tri-Valley Local School Dist. Bd. of Edn.*, 122 Ohio St.3d 56, 2009-Ohio-1970, 908 N.E.2d 401, ¶ 10, if the claim at issue is one for wrongful death, the more specific wrongful-death saving statute, R.C. 2125.04, applies. It is axiomatic that a party cannot limit the applicability of

**{¶ 37}** Finally, appellees urge us to hold consistently with *Wilson*, 164 Ohio St.3d. 419, 2020-Ohio-6827, 173 N.E.3d 448 (which did not involve a wrongful-death claim), and with other Ohio appellate districts that have concluded that wrongful-death claims are subject to the four-year medical-claim statute of repose. *See Smith v. Wyandot Mem. Hosp.,* 2018-Ohio-2441, 114 N.E.3d 1224 (3d Dist.), and *Mercer v. Keane*, 2021-Ohio-1576, 172 N.E.3d 1101 (5th Dist.), *appeal not allowed*, 164 Ohio St.3d 1420, 2021-Ohio-2923, 172 N.E.3d 1047; *Martin v. Taylor*, 11th Dist. Lake No. 2021-L-046, 2021-Ohio-4614 (decided after this case was submitted). Davis responds that these cases did not deal with the situation presented here, where "a wrongful death case was timely filed to begin with, then was dismissed and refiled under the wrongful death savings statute, but more than four years after the original injury."

---

a statute by citing the wrong one. Moreover, the distinction between R.C. 2305.19(A) and 2125.04 mattered in *Eppley* because when *Eppley* was decided, R.C. 2125.04 "granted a plaintiff an additional year in which to refile an action dismissed without prejudice only if dismissal occurred *after* the original statute of limitations had run." *Id.* at ¶ 8. R.C. 2305.19(A) had been amended in 2004 to remove that limitation, which the court referred to as "the malpractice trap"; R.C. 2125.04 had not been similarly amended. *Id.* The dismissal in *Eppley* did not occur after the original statute of limitations had run, therefore, plaintiff's claim would be saved only under R.C. 2305.19(A)—not under R.C. 2125.04. Importantly, the legislature removed the malpractice trap from R.C. 2125.04 when it amended the statute in 2010, so it makes little difference here which saving statute applies. Regardless, the result in this case does not depend upon which savings statute applies (although it is clear from the complaint that Davis asserted both medical and wrongful-death claims, so under *Eppley,* R.C. 2125.04 must apply to the wrongful-death claim). The result depends upon whether the medical-claim statute of repose, R.C. 2305.113(C), applies to wrongful-death claims predicated upon medical negligence.

19.

{¶ 38} R.C. 2305.113(E)(3) defines "medical claim" to mean "any claim that is asserted in any civil action against a physician [or] * * * hospital * * *, against any employee or agent of a physician [or] * * * hospital * * *, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, [or] physician assistant * * *, and that arises out of the medical diagnosis, care, or treatment of any person." "Medical claim" includes, inter alia, "[d]erivative claims for relief that arise from the medical diagnosis, care, or treatment of a person." R.C. 2305.113(E)(3)(a). A wrongful-death claim "is not a derivative action, but rather is an independent cause of action." *Dougherty v. Fecsik*, 116 Ohio App.3d 456, 458, 688 N.E.2d 555 (8th Dist.1996), citing *Thompson v. Wing*, 70 Ohio St.3d 176, 637 N.E.2d 917 (1994).

{¶ 39} In *Ruther v. Kaiser,* 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291—which specifically did *not* address the applicability of the medical-claim statute of repose to wrongful-death claims (*see* ¶ 6, "the wrongful-death action is not before us")—the Ohio Supreme Court summarized the policy reasons that support the statute of repose for medical claims. For one, it explained, "the statute of repose exists to give medical providers certainty with respect to the time within which a claim can be brought and a time after which they may be free from the fear of litigation." *Id.* at ¶ 19. Additionally, it observed:

> Forcing medical providers to defend against medical claims that occurred 10, 20, or 50 years before presents a host of litigation concerns,

including the risk that evidence is unavailable through the death or unknown whereabouts of witnesses, the possibility that pertinent documents were not retained, the likelihood that evidence would be untrustworthy due to faded memories, the potential that technology may have changed to create a different and more stringent standard of care not applicable to the earlier time, the risk that the medical providers' financial circumstances may have changed—i.e., that practitioners have retired and no longer carry liability insurance, the possibility that a practitioner's insurer has become insolvent, and the risk that the institutional medical provider may have closed. *Id.* at ¶ 20.

{¶ 40} But Davis correctly points out that wrongful-death claims—even those premised on negligent medical care—are treated differently than medical claims for non-fatal injuries.

{¶ 41} A "wrongful death action is a special statutory action which does not exist at common law." *Klema,* 170 Ohio St. at 524, 166 N.E.2d 765. While a wrongful-death claim and the underlying injury claim originate from the same wrongful act, the two claims are entirely distinct. *Id.* at 521, citing *St. Louis, Iron Mountain & Southern Ry. Co. v. Craft*, 237 U.S. 648, 658, 35 S.Ct. 704, 59 L.Ed. 1160 (1915). The underlying injury claim "is for the wrong to the injured person"; the wrongful death claim "is for the wrong to the beneficiaries * * *." *Id.,* quoting *id.* "One begins where the other ends * * *." *Id.*, quoting *id.*

21.

**{¶ 42}** In *Klema*, the Supreme Court of Ohio considered whether the statute of limitations for medical malpractice, former R.C. 2305.11, applied to wrongful-death claims predicated upon medical malpractice. At that time, the relevant statute of limitations for wrongful-death claims, R.C. 2125.02, stated "*[e]xcept as otherwise provided by law*, every such action must be commenced within two years after the death of such deceased person * * *." (Emphasis added.) The court considered whether "except as otherwise provided by law," as stated in R.C. 2125.02, could refer to the one-year limitation period of former R.C. 2305.11. The court explained that because wrongful-death actions are special statutory actions—which did not exist before the General Assembly enacted the wrongful death statute in 1851—"the phrase, 'except as otherwise provided by law,' can only relate to other provisions relating to death." *Id.* at 524. That is, it "necessarily relate[d]" to *only* other limitations provisions that are "contained in the wrongful death statute itself"—which, at that time, were limited to a statute regarding the enforcement of wrongful-death actions created by the laws of another state, and the wrongful-death saving statute. *Id.* at 524. Thus, the court concluded that the statute of limitations period for medical-malpractice actions, former R.C. 2305.11, was inapplicable to wrongful-death claims predicated upon medical malpractice.

**{¶ 43}** As this court has recognized, consistent with *Klema*, "R.C. 2125.01 et seq. creates, defines, and limits [a wrongful-death] action." *Ottney v. Sheen*, 6th Dist. Sandusky No. C.A. S-86-6, 1986 WL 15056, *6 (Dec. 31, 1986), citing *Collins v. Yanity*,

22.

14 Ohio St. 2d 202, 207, 237 N.E.2d 611 (1968). The question, therefore, is whether wrongful-death claims—created, defined and limited by R.C. 2125.01 et seq.—are subject to the medical-claim statute of repose. Three Ohio cases have held that they are: *Smith*, 2018-Ohio-2441, 114 N.E.3d 1224; *Mercer*, 2021-Ohio-1576, 172 N.E.3d 1101; and *Martin,* 11th Dist. Lake No. 2021-L-046, 2021-Ohio-4614.

{¶ 44} In *Smith,* the decedent died on July 22, 2015, and on July 21, 2017, his estate filed a wrongful death action against a number of medical providers. The alleged acts of medical malpractice occurred in 2004. On motions to dismiss or for summary judgment, filed by the various medical providers, the trial court dismissed the estate's claims. It concluded that the wrongful-death action asserted medical claims and those claims were barred by Ohio's four-year medical-malpractice statute of repose.

{¶ 45} On appeal, the estate argued that the trial court erred in applying the medical-malpractice statute of repose to bar a wrongful death action filed under R.C. 2125.01. However, the court of appeals looked to the legislature's concerns about "the distress posed to Ohio's healthcare industry caused by growing medical-malpractice litigation"—articulated when the General Assembly recodified R.C. 2305.113. *Id.* at ¶ 21. It also considered the Ohio Supreme Court's admonition in *Antoon,* 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, at ¶ 19, that "statutes of repose are to be read as enacted" and "[i]f a lawsuit bringing a medical * * * claim is not commenced within four years after the occurrence of the act or omission constituting the basis for the claim, then *any action* on that claim is barred." (Emphasis added.) *Smith* at ¶ 23. It concluded that

"wrongful-death actions fall within the scope of 'any action' and are subject to the time restraints" of the four-year medical-claim statute of repose. *Id.* at ¶ 22.

{¶ 46} The appellate court also specifically considered the estate's argument that Ohio's medical-claim statute of repose does not apply to wrongful-death actions because a wrongful-death action is subject to its own statute of limitations under R.C. 2125.02(D)(1). The court rejected this argument because of the different purposes served by statutes of limitations and statutes of repose. To bolster its conclusion, the court noted that other statutory provisions relating to medical claims are applicable to wrongful-death claims. In particular, it observed that affidavits of merit are required to support a wrongful-death action based on a medical claim. Because the estate's wrongful-death action asserted a medical claim, and because there was no dispute that the alleged acts of negligence occurred in 2004 and the wrongful-death action was not filed until 2017, the court held that the estate's wrongful-death action was barred by the statute of repose.

{¶ 47} In *Mercer,* 2021-Ohio-1576, 172 N.E.3d 1101, the patient was diagnosed with sacral chordoma on May 12, 2015. The patient and his spouse brought a medical-malpractice action on August 19, 2016, after learning that the mass on the patient's sacrum had been visible in a December 12, 2012 MRI. By the time it was diagnosed in 2015, the patient was no longer a surgical candidate. The patient died on February 29, 2020, and his estate filed an amended complaint on May 1, 2020, converting the medical-malpractice claim to one for wrongful death—seven years and four months after the conduct giving rise to the claim.

24.

**{¶ 48}** Defendants moved for partial summary judgment and for judgment on the pleadings on the basis that plaintiffs' wrongful-death claim was barred by the four-year statute of repose under R.C. 2305.113(C). The trial court granted their motions. It found that the wrongful-death claim was a medical claim, and because the claim was filed more than four years after the conduct giving rise to the claim, plaintiffs' action was barred by the medical-claim statute of repose.

**{¶ 49}** On appeal, the court explained the distinction between statutes of limitations and statutes of repose. It acknowledged the policy reasons supporting the medical-claim statute of repose. It summarized the Ohio Supreme Court's decision in *Wilson*, 164 Ohio App.3d. 419, 2020-Ohio-6827, 173 N.E.3d 448. And it recognized that a claim for wrongful death is an independent cause of action governed by R.C. Chapter 2125. The court found that the original medical-malpractice claim had been timely-filed because it was filed before the expiration of the medical-claim statute of repose. But it found that the timely filing of the medical-malpractice claim did not suspend the running of the statute of repose for purposes of the "new and independent action" for wrongful-death. *Id.* at ¶ 17. Relying on *Wilson, Antoon,* 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, at ¶ 24 (rejecting plaintiffs' argument that "filing then dismissing a claim will indefinitely suspend the statute of repose by 'commencing' the suit on the date of the first filing")*,* and *Smith*, 2018-Ohio-2441, 114 N.E.3d 1224, it concluded that the amended complaint for wrongful death was subject to the four-year medical-claim statute of repose, and was not filed before that statute of repose expired.

{¶ 50} And most recently in *Martin,* 11th Dist. Lake No. 2021-L-046, 2021-Ohio-4614, the patient and her husband brought an action for medical malpractice on January 14, 2016, in connection with the defendants' failure to diagnose her lung cancer during various examinations that occurred between 2011 and 2014, delaying her diagnosis until October of 2014. On May 11, 2017, plaintiffs voluntarily dismissed their complaint. The patient died on September 2, 2017. On May 10, 2018, her husband refiled the medical-malpractice claim, along with a wrongful-death claim.

{¶ 51} Defendants moved for summary judgment on both claims on the basis that they were time-barred under the four-year medical-claim statute of repose because the acts and omissions constituting the basis of the claims occurred before May 10, 2014. The plaintiff responded that the saving statute in R.C. 2305.19(A) applied to both the statute of limitations and the statute of repose, the defendants' negligent conduct continued between May 10, 2014, and October 2014, a wrongful-death claim is not a "medical claim" for purposes of the statute of repose, and the application of the statute of repose to bar a wrongful-death claim violates due process.

{¶ 52} Similar to the present case, while the matter was initially pending in the trial court, *Wilson* had not been decided by the Ohio Supreme Court. After that decision was released, defendants filed renewed motions for summary judgment. Plaintiff opposed the motion on the basis that motions for reconsideration were pending in *Wilson, Wilson* should be applied only prospectively, and application of the statute of repose to his wrongful-death claim would violate due process. He also requested additional time

26.

under Civ.R. 56(F) to obtain and present evidence or additional discovery relative to the period between May 10, 2014, and October 2014.

{¶ 53} The trial court in *Martin* granted the renewed motions for summary judgment in favor of defendants and dismissed both the medical-malpractice and wrongful-death claims. Plaintiff moved for reconsideration, then moved for relief from judgment based on revised opinions from his medical experts that would expand the period of time within which a diagnosis of the patient's lung cancer would have resulted in a greather-than-50-percent probability of survival. The trial court denied his motions.

{¶ 54} On appeal, plaintiff argued, inter alia, that "the trial court erred in applying the medical claims Statute of Repose to Plaintiff's wrongful death claim because it is not a 'medical claim' subject to that Statute of Repose." *Id.* at ¶ 6. He argued that "because the statutes of limitations for medical claims and wrongful death claims are contained in different statutory sections, a wrongful death claim is not a 'medical claim' to which the statute of repose would apply." *Id.* at ¶ 44.

{¶ 55} The appellate court looked to the definition of "medical claim" contained in R.C. 2305.113(E)(3). It determined that there was no dispute that plaintiff's wrongful-death claim was based on the "medical diagnosis, care, or treatment" of his wife. *Id.* at ¶ 46. It concluded that "[a]lthough the wrongful death claim is subject to a different statute of limitations, it does not follow that [it] is not a 'medical claim' for purposes of the statute of repose." *Id.* It pointed to its own decision in *Wilson v. Mercy Health*, 11th Dist. Trumbull No. 2021-T-0004, 2021-Ohio-2470, ¶ 33, where it held that a wrongful

27.

death claim predicated on negligent medical care is a medical claim for purposes of the Civ.R. 10(D)(2) affidavit-of-merit requirement.

{¶ 56} In sum, *Smith*, 2018-Ohio-2441, 114 N.E.3d 1224, *Mercer*, 2021-Ohio-1576, 172 N.E.3d 1101, and *Martin* all held that the medical-claim statute of repose applies to wrongful-death claims that arise from negligent medical care. But we disagree with these cases for several reasons.

{¶ 57} First, R.C. 2305.113(A) provides that "*except as otherwise provided in this section*, an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued." (Emphasis added.) The four-year medical-claim statute of repose is among the exceptions provided in R.C. 2305.113. No exception is recognized within R.C. 2305.113 for medical negligence resulting in death, yet it is well-established that a wrongful-death claim premised on medical malpractice is governed by the two-year statute of limitations set forth in R.C. 2125.02(D)(1)—not R.C. 2305.113(A). *See Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019, ¶ 27; *Mardis v. Meadow Wood Nursing Home*, 12th Dist. Brown No. CA2010-04-007, 2010-Ohio-4800, ¶ 20; *Brosse v. Cumming*, 20 Ohio App.3d 260, 263, 485 N.E.2d 803 (8th Dist.1984); *Evans v. S. Ohio Med. Ctr.*, 103 Ohio App.3d 250, 254, 659 N.E.2d 326 (4th Dist.1995). If a wrongful-death claim is not subject to the statute of limitations in R.C. 2305.113(A), we see no reason that it would be subject to the other limitations periods set forth in that statute.

28.

{¶ 58} Second, if (as we recognized in *Ottney,* 6th Dist. Sandusky No. C.A. S-86-6, 1986 WL 15056, at *6), "R.C. 2125.01 et seq. creates, defines, and limits" wrongful-death actions, it follows that the only time limitations applicable to wrongful-death claims are those contained in the Wrongful Death Act itself. R.C. 2125.02(D)(1) states that "*except as provided in division (D)(2),*" a wrongful-death claim must be commenced within two years after the decedent's death. (Emphasis added.) In other words, the only exceptions to the limitations period are provided in (D)(2). R.C. 2125.02(D)(2)(a) creates a ten-year statute of repose for wrongful-death actions involving product-liability claims (subject to certain exceptions further described in division (D)(2)). No similar repose period is established for wrongful-death actions involving medical claims. If the legislature had intended to impose a repose-period for wrongful-death actions involving claims of medical malpractice, it could have done so in the same manner that it did for wrongful-death actions involving claims of product liability.

{¶ 59} Importantly, R.C. 2305.10 contains a separate—but substantially similar—provision creating the same repose period for actions for non-fatal product-liability claims. R.C. 2305.10(C)(1) broadly states that, subject to certain exceptions, "*no cause of action based on a product liability claim* shall accrue against the manufacturer or supplier of a product later than ten years from the [initial delivery of the product.]" In this respect, the breadth of the product-liability statute of repose is similar to the breadth of the medical-claim statute of repose. That is, R.C. 2305.113(C) broadly states that, subject to certain exceptions, "*[n]o action upon a medical * * * claim* shall be

29.

commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim." Despite the unambiguously-broad nature of both statutes of repose, the legislature found it necessary to restate the product-liability statute of repose—*but not the medical-claim statute of repose*—within the Wrongful Death Act, thereby creating a statute of repose specifically applicable to wrongful-death actions. We must assume that if the medical-claim statute of repose was intended to apply to wrongful-death actions based upon medical claims, the legislature would have included it within the Wrongful Death Act, as it did for wrongful-death actions based upon product-liability claims. Indeed, if we were to interpret the medical-claim statute of repose as nonetheless applicable to wrongful-death claims even though it is not included within the Wrongful Death Act, we would render R.C. 2125.02(D)(2)(a) redundant, meaningless, or superfluous—which is an interpretation we must avoid under well-established rules of statutory construction. *See State v. Pettus*, 163 Ohio St.3d 55, 2020-Ohio-4836, 168 N.E.3d 406, ¶ 14; *D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. Of Health,* 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 26.

{¶ 60} Further to this point, we are aware of two statutes applicable to wrongful-death claims that exist outside the Wrongful Death Act itself—R.C. 2305.131(A)(1) and R.C. 2305.101(A). R.C. 2305.131(A)(1) establishes a ten-year statute of repose for actions for wrongful death that arise out of a defective and unsafe condition of an improvement to real property. But this provision expressly states that "*[n]otwithstanding an otherwise applicable period of limitations* specified * * * *in section 2125.02* of the

30.

Revised Code * * *, no cause of action to recover damages for bodily injury, an injury to real or personal property, *or wrongful death* that arises out of a defective and unsafe condition of an improvement to real property * * * shall accrue * * * later than ten years from the date of substantial completion of such improvement." (Emphasis added.) Similarly, R.C. 2305.101(A), applicable to claims for bodily injury or *wrongful death* caused by the Dalkon Shield intrauterine device, provides a specific limitation period for those claims "*[n]otwithstanding the limitations provided for in section[] 2125.02 * * * of the Revised Code*." (Emphasis added.) When enacting R.C. 2305.131(A)(1) and R.C. 2305.101(A), the legislature included express language within those statutes to clarify that it was creating repose periods for wrongful-death claims that run counter to the limitations periods that are otherwise set forth in the Wrongful Death Act—making it clear that the legislature knows how to carve out such exceptions. There is no similar language within R.C. 2305.113(C) to indicate that the legislature was enacting a statute of repose for wrongful-death actions based upon medical claims that would apply "notwithstanding the limitations provided for in section 2125.02."

{¶ 61} Third, our recognition of the wrongful-death claim as an action that is independent of a medical-malpractice claim leads us to a different conclusion that that reached in *Mercer,* 2021-Ohio-1576, 172 N.E.3d 1101. *Mercer* reasoned that the separateness of a wrongful-death claim illustrated that the amended complaint—though filed as part of the properly-filed medical-malpractice action—must be treated as a new action, one that was barred because it was filed outside the four-year medical-claim

31.

statute of repose. It is our view, however, that the separateness of the wrongful-death claim means something different—i.e., that it is not *subject to* the medical-claim statute of repose at all.

{¶ 62} Finally, we disagree that because courts have held that the Civ.R. 10(D)(2) affidavit-of-merit requirement applies to wrongful-death claims arising from medical negligence, this dictates the conclusion that the medical-claim statute of repose is also applicable. Certainly, numerous Ohio appellate districts have held that wrongful-death claims that arise from "the medical diagnosis, care, or treatment of any person," are subject to the Civ.R. 10(D)(2) affidavit requirement. *See e.g., Wilson v. Mercy Health*, 11th Dist. Trumbull No. 2021-T-0004, 2021-Ohio-2470, ¶ 33; *Wick v. Lorain Manor, Inc.,* 9th Dist. Lorain No. 12CA010324, 2014-Ohio-4329, ¶ 18; *Flynn v. Cleveland Clinic Health Sys.-E.,* 8th Dist. Cuyahoga No. 105720, 2018-Ohio-585, ¶ 4. But the Civ.R. 10(D)(2) affidavit-of-merit requirement is a procedural rule. *Oglesby v. Consol. Rail Corp.*, 6th Dist. Erie No. E-08-055, 2009-Ohio-1744, ¶ 24. We see a distinction between applying Civ.R. 10(D)(2) to all claims, including wrongful-death claims, arising from "the medical diagnosis, care, or treatment of any person," and applying R.C. 2305.113's limitations periods to those claims—particularly given that courts *do not* apply R.C. 2305.113(A) to wrongful-death claims.

{¶ 63} In sum, we conclude that the four-year medical-claim statute of repose is not applicable to wrongful-death actions predicated on negligent medical care. To the

32.

extent that other courts have held otherwise, we disagree with those cases.  Accordingly, we find Davis's assignment of error well-taken.

{¶ 64} Under Article IV, Section 3(B)(4) of the Ohio Constitution, "[w]henever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination."

{¶ 65} In order to qualify for certification to the Supreme Court of Ohio pursuant to Section 3(B)(4), Article IV of the Ohio Constitution, a case must meet the following three conditions:

> First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question."  Second, the alleged conflict must be on a rule of law-not facts.  Third, the journal entry or opinion of the certifying court must clearly set forth the rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.  *Whitelock v. Gilbane Bldg. Co.,* 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993).

{¶ 66} We find that our holding today is in conflict with the Third District's decision in *Smith* 2018-Ohio-2441, 114 N.E.3d 1224; the Fifth District's decision in *Mercer*, 2021-Ohio-1576, 172 N.E.3d 1101; and the Eleventh District's decision in

33.

*Martin,* 11th Dist. Lake No. 2021-L-046, 2021-Ohio-4614.  Accordingly we certify the record in this case for review and final determination to the Supreme Court of Ohio on the following issue:

Is the four-year medical-claim statute of repose set forth in R.C. 2305.113(C) inapplicable to wrongful-death actions predicated on negligent medical care?

**{¶ 67}** The parties are directed to S.Ct.Prac.R. 5.03 and S.Ct.Prac.R. 8.01 for guidance.[3]

### III.    Conclusion

**{¶ 68}** A wrongful-death action is a special statutory action subject to the provisions contained within the wrongful-death statutes themselves.  The Wrongful Death Act contains no statute of repose applicable to actions predicated on claims of medical negligence—the only statute of repose contained in the Wrongful Death Act pertains to actions arising from product-liability claims.  Moreover, unlike other statutory provisions such as R.C. 2305.131(A)(1) and R.C. 2305.101(A), R.C. 2305.113(C) does not expressly state that "notwithstanding R.C 2125.02," the four-year medical-claim

---

[3] While the draft of the majority decision was circulating among the assigned panel, the Tenth District released decisions in *Everhart v. Coshocton Cty. Memorial Hosp.*, -- N.E.3d --, 2022-Ohio-629 (10th Dist.) and *McCarthy v. Lee,* 10th Dist. Franklin No. 21AP-105, 2022-Ohio-1033.  The Tenth District addressed the same issue considered in this decision—whether the trial court erred when it applied the statute of repose for medical claims to a statutory wrongful-death claim—and reached the same conclusion as the majority of this court.  It employed a substantially similar analysis in concluding that the medical-claim statute of repose is inapplicable to a wrongful-death action arising from a medical claim.

34.

statute of repose applies to wrongful-death claims premised on medical malpractice. Accordingly, because Davis's wrongful-death claim was timely-filed in the first place, dismissed without prejudice under Civ.R. 41(A)(1), and refiled within the time allowed under the saving statute set forth in R.C. 2125.04, the trial court erred when it dismissed Davis's wrongful-death claim as barred by the four-year medical-claim statute of repose.

{¶ 69} We reverse the April 22, 2021 judgment of the Lucas County Court of Common Pleas and sua sponte certify the record in this case for review and final determination to the Supreme Court of Ohio on the issue of whether the four-year medical-claim statute of repose set forth in R.C. 2305.113(C) is inapplicable to wrongful-death actions predicated on negligent medical care. Appellees are ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

Thomas J. Osowik, J.
DISSENTS, IN PART, AND
CONCURS, IN PART.

**OSOWIK, J.**

{¶ 70} I agree with the majority opinion that the narrow question before us is whether the R.C. 2305.113(C) medical-claim statute of repose applies to R.C. 2125.01 wrongful-death claims predicated upon medical negligence.

{¶ 71} Three Ohio appellate courts have found Ohio's medical malpractice statute of repose precludes a wrongful death action if the case is derived from a medical claim. *See Smith v. Wyandot Mem. Hosp.*, 2018-Ohio-2441, 114 N.E.3d 1224 (3d Dist.); *Fletcher v. Univ. Hosps. of Cleveland*, 172 Ohio App.3d 153, 2007-Ohio-2778, 873 N.E.2d 365 (8th Dist.), *rev'd on other grounds*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147; *Mercer v. Keane*, 2021-Ohio-1576, 172 N.E.3d 1101 (5th Dist.). I agree with the opinions of these districts and would affirm the judgment of the trial court in this case.

{¶ 72} The Supreme Court of Ohio has also provided some insight in *Wilson v. Durrani* where it held:

R.C. 2305.113(C) is a true statute of repose that, except as expressly stated in R.C. 2305.113(C) and (D), clearly and unambiguously precludes the commencement of a medical claim more than four years after the occurrence of the alleged act or omission that forms the basis of the claim. Expiration of the statute of repose precludes the commencement, pursuant to the saving statute, of a claim that has previously failed otherwise than on the merits in a prior action. Had the General Assembly intended the saving

36.

statute to provide an extension of the medical statute of repose, it would

have expressly said so in R.C. 2305.113(C), as it did in R.C. 2305.10(C),

the statute of repose that governs product-liability claims.

*Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, ¶ 38,

*reconsideration granted on an issue not raised here*, 161 Ohio St.3d 1453, 2021-Ohio-

534, 163 N.E.3d 580.

{¶ 73} Appellants' August 15, 2018 complaint alleges: (1) the medical negligence

of the defendants arose from a medical procedure on the decedent on November 4, 2013,

(2) the decedent died on April 4, 2014 as a result of the negligent medical care received

on November 4, 2013, and (3) "This case was originally filed on May 4, 2015, dismissed

as to these defendants on August 21, 2017, and is *refiled pursuant to R.C. 2305.19, the*

*savings statute*." (Emphasis added.)  Prior to the filing of the August 15, 2018 complaint,

appellants were without any causes of action against appellees, as if no claims had ever

been made.  *Wilson* at ¶ 20; *Antoon v. Cleveland Clinic Found*., 148 Ohio St.3d 483,

2016-Ohio-7432, 71 N.E.3d 974, ¶ 24.

{¶ 74} Despite appellants' attempt to recast this case as a purely wrongful-death

claim subject only to the wrongful-death savings statute under R.C. 2125.04, the record

shows their August 15, 2018 complaint made no attempt to seek protection under R.C.

2125.04 for the timing of its filing.  App.R. 9(A)(1).  Appellants clearly chose to refile

their complaint only pursuant to R.C. 2305.19, and by doing so appellants concede their

allegations for wrongful death are "medical claims" as defined by R.C. 2305.113(E)(3).

37.

{¶ 75} I would affirm the judgment of the trial court in this case. The act from which the four-year medical statute of repose runs is the November 4, 2013 surgery, which makes the August 15, 2018 complaint untimely. Without the November 4, 2013 medical procedure, there is no intervening act to create the independent cause alleged for the decedent's death on April 4, 2014. A material element of a wrongful death claim for which appellants have the burden to prove is, "the death of a person * * * caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, * * *." R.C. 2125.01. "A wrongful death claim is not triggered merely by the death of a person, but by 'the death of a person * * * caused by wrongful act.'" (Emphasis sic.) *Collins v. Sotka*, 81 Ohio St.3d 506, 509, 692 N.E.2d 581 (1998), quoting former R.C. 2125.01(A)(1), now R.C. 2125.01.

{¶ 76} For those reasons, my opinion diverges from the majority and I would respectfully dissent. However, since the majority opinion conflicts with the opinions of the Third, Fifth and Eighth Districts, I would agree that this case be certified to the Ohio Supreme Court for resolution of that conflict.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.